2012 ND 117

**Mitchell David HOLBACH, Petitioner and Appellant,**

v.

**CITY OF MINOT, Respondent and Appellee.**

**Nos. 20110277, 20110278.**

Supreme Court of North Dakota.

June 7, 2012.

Rehearing Denied July 12, 2012.

Mitchell D. Holbach, self-represented, petitioner and appellant; on brief.

Kelly E. Hendershot (argued), City Prosecutor, for respondent and appellee.

MARING, Justice.

[¶ 1]  Mitchell Holbach appeals from a municipal court judgment summarily dismissing his application for post-conviction relief.  We conclude the judgment is not appealable but consider this appeal under our supervisory jurisdiction.  We hold post-conviction relief under N.D.C.C. ch. 29–32.1 is not available in municipal courts in North Dakota.  We conclude the judgment is void and direct the municipal court to dismiss Holbach's application.

I

[¶ 2]  On January 5, 2006, Holbach was stopped, arrested, and charged with driving under suspension and driving without liability insurance.  The officer's report indicated that when he observed Holbach driving, he recognized Holbach from a previous liability insurance arrest.  He mistakenly believed Holbach's last name was Knutson.  The officer's dispatch check on "Mitchell Knutson" revealed Knutson had an active bench warrant and, based on his belief that Holbach's name was Knutson, the officer stopped Holbach.  Shortly after the stop, the officer recognized his error, but discovered Holbach's driving privileges were suspended, and Holbach admitted the vehicle was not insured.

[¶ 3]  On January 6, 2006, Holbach pled guilty to both offenses in municipal court. He signed a notification of rights and acknowledgment indicating he had been informed of and understood his rights.  In addition to the notification of rights portion of the form, Holbach allegedly dated and signed the "guilty plea" section and indicated he was voluntarily entering a plea, waiving his rights, and did not wish to consult with an attorney.

[¶ 4]  On May 16, 2010, Holbach filed an application for post-conviction relief under N.D.C.C. ch. 29–32.1 in municipal court. Holbach argued his conviction was based on evidence obtained under an unlawful arrest; evidence gained under an unconstitutional search and seizure; a guilty plea unlawfully induced or not made voluntarily; and the municipal court's failure to advise him of his rights or of the minimum or maximum punishments for the offenses. The City of Minot served and filed an answer.  The municipal court entered judgment summarily dismissing Holbach's application on August 8, 2010.  Holbach appealed the judgment to the district court on August 3, 2011, and to this Court on September 20, 2011.

II

[¶ 5]  Before we consider the merits of an appeal, we must have jurisdiction.  "Appellate jurisdiction is derived from the constitutional or statutory provisions by which it is created and can be acquired and exercised only in the manner prescribed."  *City of Bismarck v. Walker,* 308 N.W.2d 359, 361 (N.D.1981).  "The

right of appeal in this state is statutory[,]" and "[o]ne attempting an appeal must show his right thereto." *Id.* If no right to appeal exists, we are without jurisdiction to consider the merits and must dismiss the appeal. *City of Grand Forks v. Lamb,* 2005 ND 103, ¶ 5, 697 N.W.2d 362.

[¶ 6] Appeal from a municipal court judgment of conviction or order deferring imposition of sentence is governed by statute. *See* N.D.C.C. § 40–18–19. Section 40–18–19, N.D.C.C., states, "[a]n appeal may be taken to the district court from a judgment of conviction or order deferring imposition of sentence in a municipal court in accordance with the North Dakota Rules of Criminal Procedure." This statute provides for an appeal to "the district court," not directly to the Supreme Court. It provides for the appeal of a judgment of conviction or order deferring imposition of sentence. The present appeal is from a judgment summarily dismissing a post-conviction relief application directly to the Supreme Court.

[¶ 7] An appeal from a final judgment in a matter that has been transferred from municipal court under N.D.C.C. § 40–18–15.1 to district court for trial can be brought to the Supreme Court. *See City of Grand Forks v. Thong,* 2002 ND 48, ¶ 15, 640 N.W.2d 721. The present appeal is not such a case.

[¶ 8] Under N.D.C.C. § 39–06.1–03(5)(a),

"[i]f a person is aggrieved by a finding in the municipal court that the person committed the [traffic] violation, the person may, without payment of a filing fee, appeal that finding to the district court for trial anew. If, after trial in the appellate court, the person is again found to have committed the violation, there may be no further appeal."

Further, under this section, "[a] person may not appeal a finding from a district judge or magistrate that the person committed the [traffic] violation." *Id.* Clearly, under this statute, there is no appeal to the Supreme Court.

[¶ 9] Holbach argues that N.D.C.C. § 29–32.1–14, which states, "[a] final judgment entered under this chapter may be reviewed by the supreme court of this state upon appeal as provided by rule of the supreme court," provides statutory authority for a direct appeal from municipal court to the Supreme Court. However, there is nothing in N.D.C.C. § 29–32.1–14 that extends this right to a municipal court judgment. We would be inferring our Court's jurisdiction to hear appeals from the municipal court in this context. We decline to do so.

[¶ 10] There is no statutory authority for an appeal directly to the Supreme Court from a judgment of a municipal court. In addition, municipal courts are not courts of record. *See* N.D.C.C. § 27–01–01. Chapter 29–32.1, N.D.C.C., refers to the record below under several sections. *See* N.D.C.C. § 29–32.1–04(2); N.D.C.C. § 29–32.1–10(1) and (2). If an appeal from municipal court directly to the Supreme Court was proper, review would be impossible because of the lack of a record. We conclude Holbach has failed to show his right to an appeal from municipal court directly to the Supreme Court.

[¶ 11] Although Holbach's appeal is not authorized by statute, we deem this attempt at an appeal as a request for our Court to exercise its supervisory authority. *See* N.D.C.C. § 28–27–01.

[¶ 12] "Our authority to issue supervisory writs arises from Article VI, Sec. 2 of the North Dakota Constitution and N.D.C.C. § 27–02–04." *Dimond v. State Bd. of Higher Educ.,* 1999 ND 228,

¶ 19, 603 N.W.2d 66. The authority is discretionary, and it cannot be invoked as a matter of right. *Id.* "We issue supervisory writs 'only to rectify errors and prevent injustice when no adequate alternative remedies exist.'" *Id.* (quoting *Reems v. Hunke*, 509 N.W.2d 45, 47 (N.D.1993)). Further, we generally do not exercise supervisory jurisdiction when the proper remedy is an appeal, even though an appeal may be inconvenient or increase costs. *Forum Commc'ns Co. v. Paulson*, 2008 ND 140, ¶ 8, 752 N.W.2d 177. This authority is exercised "'rarely and cautiously' and only in 'extraordinary cases.'" *Dimond*, 1999 ND 228, ¶ 19, 603 N.W.2d 66 (quoting *State ex rel. Heitkamp v. Hagerty*, 1998 ND 122, ¶ 6, 580 N.W.2d 139). Finally, determining whether to exercise original jurisdiction is done "on a case-by-case basis." *Forum Commc'ns Co.*, 2008 ND 140, ¶ 8, 752 N.W.2d 177 (quoting *Roe v. Rothe–Seeger*, 2000 ND 63, ¶ 5, 608 N.W.2d 289).

[¶ 13] This case presents an extraordinary issue involving the jurisdiction of municipal courts and whether post-conviction relief may be sought from a judgment entered in municipal court. This is an important matter of public interest; therefore, we will exercise our supervisory authority to review the municipal court's decision and to rectify an error.

### III

[¶ 14] Interpretation of a statute is a question of law, which is fully reviewable on appeal. *State v. Beciraj*, 2003 ND 173, ¶ 14, 671 N.W.2d 250. When interpreting a statute, this Court seeks "to ascertain legislative intent by looking at the language of the statute itself." *State v. Higgins*, 2004 ND 115, ¶ 13, 680 N.W.2d 645. A statute's language must be interpreted in context, and this Court attempts to give "meaning and effect to every word, phrase, and sentence." *Wheeler v. Gardner*, 2006 ND 24, ¶ 11, 708 N.W.2d 908 (citing N.D.C.C. §§ 1–02–03 and 1–02–38(2)). Further, "[s]tatutes must be construed to give effect to all of their provisions, so that no part of the statute is rendered inoperative or superfluous." *Id.* (citing N.D.C.C. §§ 1–02–38(2) and (4)). If a statute's language is clear and unambiguous, such language "is not to be disregarded under the pretext of pursuing [the statute's] spirit." N.D.C.C. § 1–02–05. Finally, this Court presumes "[a] just and reasonable result is intended." N.D.C.C. § 1–02–38(3).

[¶ 15] Holbach argues post-conviction relief under N.D.C.C. ch. 29–32.1 is available in municipal court. To support his argument, Holbach relies on the language of N.D.C.C. § 29–32.1–03. Section 29–32.1–03(1) provides, "[a] proceeding is commenced by filing an application with the clerk of the court in which the conviction and sentence took place." Subsection (7) further states "[t]he application may be considered by any judge of the court in which the conviction took place." Because, under N.D.C.C. § 29–32.1–03, neither the filing process nor the judge eligible to consider a post-conviction application is specifically limited to the district courts, Holbach argues a municipal court has the authority to consider claims for post-conviction relief under N.D.C.C. ch. 29–32.1. We disagree with Holbach's analysis.

[¶ 16] The purpose of the Uniform Post–Conviction Procedure Act is "to develop a complete record to challenge a criminal conviction and sentence." *State v. Wilson*, 466 N.W.2d 101, 103 (N.D.1991). This purpose is supported by references in the Act's language: "The application must refer to the portions of the record of prior proceedings pertinent to the alleged grounds for relief[,]" and "[a] certified record of previous proceedings may be used

as evidence of facts and occurrences established therein[.]" N.D.C.C. §§ 29–32.1–04(2) and 29–32.1–10(2). Municipal courts in North Dakota, however, are not courts of record. *See* N.D.C.C. § 27–01–01; *City of Grand Forks v. Lamb*, 2005 ND 103, ¶ 7, 697 N.W.2d 362. Because one of the purposes of the Act would be impossibly frustrated if the Act was implemented in municipal court, we conclude the Act and its remedies were never intended to be available at the municipal court level.

[¶ 17] This result is further supported by the language in the Act itself and in the legislative history of the Act. Section 29–32.1–03(1), N.D.C.C., provides that "[t]he state must be named as respondent[,]" and subsection (5) requires the clerk to deliver a copy of the application for relief "to the state's attorney of the county in which the criminal action was venued." Similarly, in the Act's legislative history, a summary of the Act indicates "the State" must answer a petitioner's application. *Hearing on S.B. 2181 Before the Senate Judiciary Comm.*, 49th N.D. Legis. Sess. (Feb. 4, 1985) (testimony of the Hon. Eugene A. Burdick, Comm'r for Unif. State Laws) ["Hearing on S.B. 2181"]. The requirements that the State be named as respondent, a copy of the application be delivered to the state's attorney, and the State answer the application all indicate post-conviction relief under N.D.C.C. ch. 29–32.1 exists only in district court, not in municipal court.

[¶ 18] Finally, according to the Act's legislative history, this version of the Act was drafted in response to updates to the American Bar Association's ("ABA") Criminal Justice Standards. *Hearing on S.B. 2181, supra* (testimony of the Hon. Eugene A. Burdick). Thus, the ABA's Criminal Justice Standards are useful for resolving ambiguities in the Act's language. With respect to jurisdiction, the Criminal Jus-

tice Standards explain "[o]riginal proceedings to entertain applications for postconviction relief should be vested in a trial court of general criminal jurisdiction." Standard 22–1.4, Relating to Postconviction Remedies, *ABA Standards for Criminal Justice*, Vol. IV, ch. 22 (2nd ed 1980; supp.1986). Under N.D.C.C. § 27–05–06, "[t]he district courts of this state have ... general jurisdiction" and the "authority within their respective judicial districts for the redress of all wrongs committed against the laws of this state[.]" Municipal courts, however, have only limited jurisdiction "to hear, try, and determine offenses against the ordinances of the city." N.D.C.C. § 40–18–01(1); *see also* N.D.C.C. § 40–18–14 (providing that a municipal judge has the power to enforce its judgments and punish for contempt). Because the ABA's Criminal Justice Standards indicate jurisdiction to adjudicate applications for post-conviction relief was designed to be vested in courts of general jurisdiction, and our state's district courts are courts of general jurisdiction, while our state's municipal courts possess only limited jurisdiction, it is further demonstrated that post-conviction relief under N.D.C.C. ch. 29–32.1 is not available in municipal court.

[¶ 19] Holbach also contends N.D.C.C. § 29–07–01.1 supports his argument that post-conviction relief under N.D.C.C. ch. 29–32.1 is available in municipal courts. Holbach focuses on the following list of matters for which a city must pay the expenses:

The city shall also pay the expenses in any matter transferred to district court pursuant to section 40–18–06.2 or 40–18–15.1, in any appeal taken to district court from a judgment of conviction in municipal court pursuant to section 40–18–19, and in an appeal or postconviction matter seeking relief from a conviction

resulting from violation of a municipal ordinance.

N.D.C.C. § 29–07–01.1. Holbach argues this language requires a city to pay for the adequate defense of indigent defendants when an indigent defendant applies for relief from a municipal court conviction. Holbach's understanding of N.D.C.C. § 29–07–01.1 is incorrect. The second item of the list in N.D.C.C. § 29–07–01.1 requires a city to pay for expenses related to an appeal to a district court "from a judgment of conviction in municipal court"; however, the third item of the list does not include this requirement. By conditioning the payment of expenses for an appeal or post-conviction matter on the matter being taken from a conviction resulting from violation of a municipal ordinance, the statute implies the appeal or post-conviction matter is not taken from a judgment of conviction in municipal court.

[¶ 20] We hold post-conviction relief under N.D.C.C. ch. 29–32.1 is not available in municipal courts in North Dakota. We do not reach Holbach's remaining issues because they are unnecessary to our decision. We hold the judgment is void, reverse, and direct the municipal court to dismiss Holbach's application.

[¶ 21] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.