2012 ND 216

**STATE of North Dakota by and through the DEPARTMENT OF HUMAN SERVICES and its CHILD SUPPORT ENFORCEMENT DIVISION, Petitioner and Appellant**

v.

**NORTH DAKOTA INSURANCE RESERVE FUND, Respondent and Appellee.**

No. 20110368.

Supreme Court of North Dakota.

Oct. 23, 2012.

Sheila K. Keller, Assistant Attorney General, Bismarck, N.D., for petitioner and appellant.

Tiffany L. Johnson (argued) and Gary R. Thune (appeared), Bismarck, N.D., for respondent and appellee.

MARING, Justice.

[¶ 1] The State of North Dakota, by and through the Department of Human Services and its Child Support Enforcement Division ("the Department"), appeals from a district court order denying its application for an order to enforce an administrative subpoena. We reverse and remand for further proceedings, concluding the district court erred in determining the Department was not statutorily authorized to issue an administrative subpoena to the North Dakota Insurance Reserve Fund ("NDIRF").

I

[¶ 2] The Department, through its Child Support Enforcement Division and regional child support enforcement units, enforces the child support laws of North Dakota. NDIRF is a government self-insurance pool whose members include various political subdivisions that have joined together to self-insure against legal liabilities. In July 2010, the Department issued an administrative subpoena to NDIRF directing it to provide the following information or documents:

All records and papers, regardless of physical form, in the possession of the North Dakota Insurance Reserve Fund identifying any individual who has submitted a claim to the North Dakota Insurance Reserve Fund, including the amount of the claim. This request applies to any claim that is pending on the date of service of this subpoena or has been paid within two weeks prior to the date of this subpoena.

NDIRF objected to the subpoena, contending that the Department was not statutorily authorized to issue an administrative subpoena to NDIRF and that the subpoena was vague, ambiguous, and unduly burdensome.

[¶ 3] The Department filed an application for an order enforcing the administrative subpoena in district court. The district court determined that the Department was not statutorily authorized to issue an administrative subpoena to NDIRF and denied the application. The district court did not address NDIRF's arguments that the subpoena was vague, ambiguous, and unduly burdensome.

## II

[¶ 4] Before we consider the merits of an appeal, we must determine whether we have jurisdiction. *Holbach v. City of Minot*, 2012 ND 117, ¶ 5, 817 N.W.2d 340; *In re Estate of Hollingsworth*, 2012 ND 16, ¶ 7, 809 N.W.2d 328. The right to appeal in this state is purely statutory, and if there is no statutory basis for an appeal we must take notice of the lack of jurisdiction and dismiss the appeal. *Holbach*, at ¶ 5; *Estate of Hollingsworth*, at ¶ 7; *City of Grand Forks v. Riemers*, 2008 ND 153, ¶ 5, 755 N.W.2d 99. Only judgments and decrees which constitute a final judgment of the rights of the parties and certain orders enumerated by statute are appealable. *City of Mandan v. Strata Corp.*, 2012 ND 173, ¶ 5, 819 N.W.2d 557; *Brummund v. Brummund*, 2008 ND 224, ¶ 5, 758 N.W.2d 735.

[¶ 5] We have previously reviewed district court decisions on enforcement of administrative subpoenas when the issue has been raised in an appeal from a separately appealable judgment or order. *See State v. Hammer*, 2010 ND 152, 787 N.W.2d 716 (appeal from orders in a criminal action for workers compensation fraud); *State v.*

*Altru Health Sys.*, 2007 ND 38, 729 N.W.2d 113 (appeal from a contempt order); *Medical Arts Clinic, P.C. v. Franciscan Initiatives, Inc.*, 531 N.W.2d 289 (N.D.1995) (appeal from orders in an ongoing administrative proceeding). The appeal in this case is not part of a separate ongoing criminal, contempt, or administrative proceeding. Rather, the administrative subpoena issued in this case does not relate to a specific administrative claim or proceeding, but was an independent, blanket demand broadly seeking *all* records identifying *all* individuals who had pending or recently paid claims with NDIRF. There was no independently appealable related judgment or order, and thus the district court's order denying the application in this case is reviewable only if there is specific statutory authority for an appeal from the order.

[¶ 6] The Department contends that the order in this case is appealable under N.D.C.C. § 28–27–02(1) or (5). Those provisions allow an appeal from either "[a]n order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken," or "[a]n order which involves the merits of an action or some part thereof." Both of those statutory provisions allow appeal of certain orders entered in an "action." An action is "an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense," N.D.C.C. § 32–01–02, and "[a] civil action is commenced by the service of a summons." N.D.R.Civ.P. 3.

[¶ 7] The Department brought its application for an order enforcing the administrative subpoena in the district court under N.D.C.C. § 50–09–08.2(1)(b) and (f),

which specifically authorizes the Department and its officials, employees, and agents to subpoena the production of books, records, and papers, and to "[m]ake application to the district court to compel . . . the production of books, records, and papers." The statutory procedure under N.D.C.C. § 50–09–08.2(1)(f) authorizing application to the district court is not "an ordinary proceeding in a court of justice" prosecuting another party for enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of an offense, nor is it commenced by the service of a summons. *See* N.D.C.C. § 32–01–02; N.D.R.Civ.P. 3. Thus, the statutory procedure employed in this case was not an action, and the resulting order was not appealable under N.D.C.C. § 28–27–02(1) or (5).

[¶ 8] Although not cited by the parties, we conclude that N.D.C.C. § 28–27–02(2), which authorizes an appeal from "[a] final order affecting a substantial right made in special proceedings," applies in this case and supplies the statutory authority for the appeal from the district court order denying the Department's application for enforcement of the administrative subpoena. Under N.D.C.C. § 32–01–04, "[a] special proceeding is any remedy other than an action." The procedure provided in N.D.C.C. § 50–09–08.2(1)(f), authorizing a proceeding to enforce an administrative subpoena in district court, creates a remedy which is not an action and is a "special proceeding" under N.D.C.C. § 32–01–04. Accordingly, the district court's order denying the Department's application was a "final order affecting a substantial right made in special proceedings" and was appealable under N.D.C.C. § 28–27–02(2). We therefore have jurisdiction.

## III

[¶ 9] On the merits, this case turns on the interplay between two statutes and presents a pure question of statutory construction. Statutory interpretation is a question of law, which is fully reviewable on appeal. *Haugland v. City of Bismarck*, 2012 ND 123, ¶ 47, 818 N.W.2d 660; *Holbach*, 2012 ND 117, ¶ 14, 817 N.W.2d 340; *Minnkota Power Coop., Inc. v. Anderson*, 2012 ND 105, ¶ 6, 817 N.W.2d 325. Statutory language must be interpreted in context, with the goal of giving meaning and effect to every word, phrase, and sentence. *Holbach*, at ¶ 14; *see* N.D.C.C. § 1–02–38(2). Statutes are construed as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1–02–07; *Meier v. North Dakota Dep't of Human Servs.*, 2012 ND 134, ¶ 6, 818 N.W.2d 774; *Haugland*, at ¶ 47; *Minnkota*, at ¶ 6.

[¶ 10] As part of its authority to enforce collection of child support, N.D.C.C. § 50–09–08.2(1)(b) authorizes the Department to "[r]equire by subpoena . . . the production of books, records, and papers." In 2009 the legislature enacted N.D.C.C. § 26.1–02–28, which at the time of issuance of the subpoena in this case provided:

*Child support insurance data match.* Before paying a claim under a contract of insurance issued in this state, an insurer or government self-insurance pool may exchange personal information about the claimant with the department of human services or its designee. This section applies notwithstanding any provision of law making the information confidential. A person is immune from suit or any liability under any federal or state law, including chapter 12.1–13 or 44–04, for acting in good faith under this section. The court shall award reasonable attorney's fees and costs against any person that commences an action

that is subsequently dismissed by reason of the immunity granted by this section.

[¶ 11] NDIRF contends, and the district court agreed, that the legislature's directive in N.D.C.C. § 26.1–02–28 that a government self-insurance pool "may exchange information" with the Department means NDIRF had discretion to voluntarily share such information, but could not be required to do so. *See J.P. v. Stark Cnty. Soc. Servs. Bd.*, 2007 ND 140, ¶ 16, 737 N.W.2d 627 (when used in a statute the word "may" generally implies "discretionary or optional conduct"); *Hagel v. Hagel*, 2006 ND 181, ¶ 7, 721 N.W.2d 1 (the word "may" usually implies "permissive, optional, or discretional, and not mandatory, action or conduct"). The district court concluded there was an irreconcilable conflict between N.D.C.C. §§ 26.1–02–28 and 50–09–08.2, and therefore the particular provision of N.D.C.C. § 26.1–02–28, which was applicable specifically to government self-insurance pools, controlled over the general provision of N.D.C.C. § 50–09–08.2, which granted general subpoena power to the Department. *See* N.D.C.C. § 1–02–07 (when there is an irreconcilable conflict between two statutory provisions, a particular statute prevails over a general statute). In concluding there was an irreconcilable conflict between the statutes, the district court focused upon the legislature's use of the word "may" in N.D.C.C. § 26.1–02–28 and concluded that the authorization of discretionary rather than mandatory action by NDIRF conflicted with the provisions of N.D.C.C. § 50–09–08.2, which granted the Department general authority to force disclosure of information.

[¶ 12] When a general statutory provision conflicts with a specific provision in the same or another statute, "the two must be construed, if possible, so that effect may be given to both provisions." N.D.C.C. § 1–02–07. When statutes relate to the same subject matter, we make every effort to harmonize and give meaningful effect to each statute. *Richter v. Houser*, 1999 ND 147, ¶ 15, 598 N.W.2d 193; *see also Meier*, 2012 ND 134, ¶ 6, 818 N.W.2d 774; *Haugland*, 2012 ND 123, ¶ 47, 818 N.W.2d 660. Only when the conflict between the two provisions is irreconcilable should resort be made to the "particular controls general" rule of statutory construction. *See* N.D.C.C. § 1–02–07.

[¶ 13] We conclude the district court erred in holding that there was an irreconcilable conflict between N.D.C.C. §§ 26.1–02–28 and 50–09–08.2(1)(b) which could not be harmonized. The fact that N.D.C.C. § 26.1–02–28 gave NDIRF the authority to voluntarily disclose information to the Department, and provided immunity if it did so, does not necessarily create absolute discretion in NDIRF to refuse to provide the information if ordered to do so by an administrative subpoena. A statutory provision stating a person "may" do certain acts does not automatically mean they may not, under any circumstances, be compelled to do the acts. The statutes may be harmonized by construing N.D.C.C. § 26.1–02–28 as authorizing NDIRF to voluntarily disclose information to the Department, and creating immunity from suit by third persons if it does so, but still allowing the Department to subpoena specific records from NDIRF.

[¶ 14] Before the enactment of N.D.C.C. § 26.1–02–28 in 2009, the Department clearly had authority under N.D.C.C. § 50–09–08.2(1)(b) to subpoena records from NDIRF. The enactment of the statute in 2009 allowing NDIRF to voluntarily disclose the information, with a concomitant grant of immunity, did not expressly remove that authority. Rather, reading the statutory provisions in context

and as a whole, and making every effort to harmonize them, we construe N.D.C.C. § 26.1–02–28 as merely granting NDIRF authority to voluntarily disclose information without fear of retaliatory lawsuits, but without affecting the Department's existing authority to subpoena specific records under N.D.C.C. § 50–09–08.2(1)(b). The focus of the 2009 enactment was to encourage government self-insurance pools to voluntarily participate with the Department in a data match program without fear of liability to third parties, not to revoke the Department's already existing authority to compel disclosure of such information by subpoena under N.D.C.C. § 50–09–08.2(1)(b).

[¶ 15] This interpretation of the statutory provisions is bolstered by subsequent amendments to N.D.C.C. § 26.1–02–28. We have previously recognized that subsequent amendments to a statute may be used in ascertaining the legislative intent of an earlier version of the statute. *See Fandrich v. Wells Cnty. Bd. of Cnty. Comm'rs*, 2000 ND 181, ¶ 22, 618 N.W.2d 166; *Effertz v. North Dakota Workers Comp. Bureau*, 525 N.W.2d 691, 693 (N.D. 1994). The legislature amended N.D.C.C. § 26.1–02–28 in 2011, *see* 2011 N.D. Sess. Laws ch. 251, §§ 2–4, and the current version of the statute retains the provision that a government self-insurance pool "may" exchange personal information about claimants with the Department, but now specifically provides that "[a] government self-insurance pool that complies with this section is not subject to subsection 1 of section 50–09–08.2." N.D.C.C. § 26.1–02–28(2) and (7). Thus, under the current version of the statute, the permissive "may" is still in place, but the legislature has expressly provided that a government self-insurance pool such as NDIRF is not subject to the Department's subpoena power under N.D.C.C. § 50–09–08.2(1) if it complies with the voluntary reporting provisions. If, as NDIRF claims, the mere use of the word "may" in N.D.C.C. § 26.1–02–28 trumps the Department's subpoena power and places the decision whether to disclose information exclusively within NDIRF's discretion, there would be no reason for the legislature to enact a separate subsection providing that NDIRF is not subject to the subpoena power under N.D.C.C. § 50–09–08.2(1) if it complies with the voluntary data match. The interpretation of N.D.C.C. § 26.1–02–28 urged by NDIRF would render subsection 7 of the current version of the statute mere surplusage. *See, e.g., Sorenson v. Felton*, 2011 ND 33, ¶ 15, 793 N.W.2d 799 (we interpret statutes to give meaning and effect to every word, phrase, and sentence, and will not adopt a construction that renders part of a statute mere surplusage).

[¶ 16] We conclude the district court erred in holding there was an irreconcilable conflict between N.D.C.C. §§ 26.1–02–28 and 50–09–08.2(1)(b), and in concluding the Department was not statutorily authorized to issue an administrative subpoena to NDIRF. Rather, the statutes can be harmonized and interpreted as granting NDIRF authority to voluntarily provide information, but continuing the Department's authority to subpoena specific information which is not voluntarily disclosed. Accordingly, we reverse the order denying the Department's application for an order enforcing the administrative subpoena. Because the district court did not address NDIRF's contentions that the subpoena was vague, ambiguous, and unduly burdensome, we remand to the district court for further proceedings to properly consider these issues under the limited four-factor review of enforcement of an administrative subpoena. *See State v. Hammer*, 2010 ND 152, ¶ 21, 787 N.W.2d 716; *State v. Altru Health Sys.*, 2007 ND 38, ¶ 11, 729 N.W.2d 113; *Medi-*

*cal Arts Clinic, P.C. v. Franciscan Initiatives, Inc.*, 531 N.W.2d 289, 300–01 (N.D. 1995).

## IV

[¶ 17]   We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit.  We reverse the order denying the Department's application for an order enforcing the administrative subpoena and remand for further proceedings.

[¶ 18]   GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.