2016 ND 130

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Brandon Wesley CARLSON, Defendant and Appellant.**

No. 20150338.

Supreme Court of North Dakota.

June 30, 2016.

Andrew C. Eyre (argued), Assistant State's Attorney, and Kyle A. Markwardt (on brief), third-year law student, under the Rule on Limited Practice of Law by Law Students, Grand Forks County State's Attorney Office, Grand Forks, ND, for plaintiff and appellee.

Rhiannon L. Gorham, Grand Forks Public Defender Office, Grand Forks, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1]  Brandon Carlson appealed from a criminal judgment after a jury found him guilty of two counts of gross sexual imposition.  We affirm.

I

[¶ 2]  According to S.S.'s testimony, she invited Carlson to her residence to watch a movie with her and T.P. During the movie, both S.S. and T.P. fell asleep.  According to T.P.'s testimony, she awoke to Carlson having sex with her.  Afterwards, S.S. testified she awoke to Carlson forcing her hand on his penis and performing a sexual act.  Based on these allegations, the State charged Carlson with two counts of gross sexual imposition.

[¶ 3]  The day before trial, the State moved to amend its charging information regarding Carlson's alleged acts against T.P. The State's original information, in pertinent part, alleged Carlson engaged "in a sexual act with [T.P.] by inserting his penis into her vagina ...." The State's

amended information alleged Carlson "engaged in a sexual act with Victim [T.P.] by penetrating her vulva with his penis or other body part...." Carlson objected to the State's motion, arguing the amended information left him without adequate time to prepare his defense. Concluding Carlson had adequate notice of the circumstances giving rise to the amended information, the district court granted the State's motion.

[¶ 4] Prior to trial, Carlson moved to exclude evidence and testimony regarding his sexual history with two women other than the alleged victims. The district court granted the motion, ordering evidence and testimony regarding the women be precluded during trial, including "the opening statement, questioning of witnesses, within exhibits, or in argument." At trial, in describing a text message exchange between herself and Carlson, S.S. testified:

A. He admitted what he had done to me.

Q. And what did he say?

A. That he—he apologized, and had said that that was how he wakes females up, and thought that I would like it.

Carlson objected, arguing this testimony violated the prior court order. Carlson also moved for a mistrial, arguing such testimony prejudiced his case. The court sustained Carlson's objection but denied Carlson's motion for mistrial, concluding a curative instruction was an appropriate remedy. The court apprised the jury to "disregard the witness' last statement before the break, and you are not to consider that as evidence in this case."

[¶ 5] At trial, the State sought to introduce reports detailing text messages allegedly exchanged between T.P., S.S., and Carlson. Prior to trial, a detective used equipment and software to extract the text message exchanges from T.P. and S.S.'s phones, which were reproduced in two reports. Carlson objected to the State's introduction, arguing the reports lacked proper foundation and contained hearsay statements. The district court overruled both objections. The jury found Carlson guilty of both counts of gross sexual imposition.

## II

[¶ 6] Carlson argues the district court abused its discretion in allowing the State to amend its information regarding T.P. the day before trial. "Unless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before the verdict or finding." N.D.R.Crim.P. 7(e). "This Court reviews a district court's decision to allow the State to amend the information under the abuse of discretion standard." *State v. Hammer*, 2010 ND 152, ¶ 26, 787 N.W.2d 716. "A district court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law." *Id.* (quoting *Citizens State Bank–Midwest v. Symington*, 2010 ND 56, ¶ 8, 780 N.W.2d 676).

[¶ 7] Under the original information, Carlson focused his defense strategy on arguing the State failed to establish its charge beyond a reasonable doubt. Carlson argues this strategy was ill-suited to defend against the additional allegation that he vaginally penetrated T.P. with a body party other than his penis, as set forth in the amended information but not the original information. Without adequate time to adjust his strategy to the additional allegation, Carlson argues he suffered prejudice.

[¶ 8] Documents produced during discovery put Carlson on notice of the circumstances giving rise to the amended information. Prior to trial, the State produced a report detailing text messages allegedly exchanged between Carlson and T.P. The report details the following exchange:

> T.P.: I'm not mad but I need to know exactly what u (sic) did for my piece (sic) of mind please.
>
> Carlson: Ah.
>
> T.P.: Please do I need to get tested?
>
> Carlson: No I only used my my (sic) hands.

The production of such messages during discovery clearly shows Carlson knew or should have known the State may allege he committed unlawful sexual acts under N.D.C.C. § 12.1–20–03(1)(c) not delineated in the original information. Carlson, the alleged author of the above message, clearly had notice of the circumstances giving rise to the amended information. We see no prejudice resulting from allowing the State to amend its information when the defendant's own statements are, at least in part, the basis for the amendment.

[¶ 9] Furthermore, the original information charged Carlson under N.D.C.C. § 12.1–20–03(1)(c). As used in N.D.C.C. § 12.1–20–03(1)(c), N.D.C.C. § 12.1–20–02(4) defines "sexual act" more broadly than used within the original information. Through this statutory definition, and with notice of the allegation he vaginally penetrated T.P. with a body part other than his penis, Carlson should have anticipated the State might seek to amend its original information to include uncharged conduct otherwise qualifying as a "sexual act" under N.D.C.C. § 12.1–20–02(4). Although the original information was very specific regarding the charged conduct, on this record, it fulfilled its primary purpose of fairly informing Carlson "of the charges against him to enable him to prepare for

trial." *State v. Bertram*, 2006 ND 10, ¶ 32, 708 N.W.2d 913 (quoting *City of West Fargo v. Hawkins*, 2000 ND 168, ¶ 8, 616 N.W.2d 856).

[¶ 10] Finally, Carlson fails to demonstrate any prejudice resulting from the amended information. Aside from conclusory statements, Carlson does not specify how he would have altered his trial strategy if afforded additional time to prepare against the amended information, leaving us to speculate about any prejudicial effect. Although he complains of unfair surprise, both informations rested on the allegation Carlson vaginally penetrated T.P. with a body part, differing only with respect to the penetrating body party. Furthermore, sufficient evidence supports Carlson's conviction under the original information, and Carlson does not argue to the contrary. With fair notice of the circumstances giving rise to the amended information, and Carlson's failure to demonstrate how he would have altered his trial strategy if given additional time, we cannot say the decision to allow the amended information was unreasonable, arbitrary, or unconscionable. The district court did not abuse its discretion by allowing the State to amend its information the day before trial.

### III

[¶ 11] Carlson argues the district court abused its discretion by issuing a curative instruction instead of ordering a mistrial following S.S.'s testimony regarding Carlson's allegedly prior bad acts. Ordering a mistrial is an extreme remedy appropriate "only when there is a fundamental defect or occurrence in the proceedings of the trial which makes it evident that further proceedings would be productive of manifest injustice." *State v. Lang*, 2015 ND 181, ¶ 10, 865 N.W.2d 401 (quoting *State v. Skarsgard*, 2007 ND 160,

¶ 16, 739 N.W.2d 786). We have said a curative instruction is "generally sufficient to remove improper prejudice" caused by improper evidence or testimony. *State v. Hernandez*, 2005 ND 214, ¶ 24, 707 N.W.2d 449. In this regard, courts are to generally presume the jury followed the curative instruction. *Id.* Whether to grant a mistrial is within the district court's discretion, which we will not reverse on appeal absent an abuse of such discretion. *Lang*, at ¶ 10.

[¶ 12] The district court concluded a curative instruction was appropriate to remedy S.S.'s testimony regarding Carlson's prior conduct. We agree. Nothing in the testimony suggests the referenced conduct was nonconsensual, thus limiting any prejudicial effect. Even if S.S.'s reference resulted in prejudice, Carlson has failed to demonstrate how the curative instruction was insufficient to negate the prejudice. Without information to the contrary, we presume the jury abided by the district court's instruction to disregard S.S.'s statements, quelling any prejudicial effect. The district court did not abuse its discretion by giving a curative instruction instead of ordering a mistrial.

### IV

[¶ 13] Carlson argues the district court erred by admitting the text message reports into evidence on two grounds. First, Carlson argues the State did not properly authenticate the reports. Second, Carlson argues the statements contained within the reports were inadmissible hearsay. Issues regarding authentication are "primarily within the discretion of the district court, and we will not reverse the court's decision absent an abuse of discretion." *State v. Thompson*, 2010 ND 10, ¶ 23, 777 N.W.2d 617. Likewise, the "abuse of discretion standard ... applies when reviewing a trial court's evidentiary rulings under the hearsay rule." *State v. Stoppleworth*, 2003 ND 137, ¶ 6, 667 N.W.2d 586. For the purposes of this appeal, we assume, without deciding, the district court abused its discretion by concluding proper foundation supported the text message reports and by concluding the statements contained therein were nonhearsay, resulting in the court erroneously admitting the reports.

[¶ 14] We review this assumed error under the harmless error standard. Under N.D.R.Crim.P. 52(a), any "error, defect, irregularity or variance that does not affect substantial rights must be disregarded." "To determine whether error affecting substantial rights of the defendant has been committed, the entire record must be considered and the probable effect of the error determined in the light of all the evidence." N.D.R.Crim.P. 52 Explanatory Note. "Erroneously admitted evidence that is cumulative to other properly admitted evidence is not prejudicial, does not affect substantial rights of the parties, and accordingly, is harmless error." *State v. Kelly*, 2001 ND 135, ¶ 26, 631 N.W.2d 167.

[¶ 15] Any prejudicial effect stemming from admission of the reports was nominal. When the State introduced the reports, it did so after T.P. and S.S. testified. T.P. testified she awoke to Carlson having sex with her and S.S. testified she awoke to Carlson forcing her hand on his penis. While the messages within the report assert Carlson committed the alleged acts as a matter of fact, such assertions were cumulative of previous testimony. Although he now complains the alleged victims' statements were used to prove the truth of the matter asserted instead of providing context, Carlson did not request a limiting instruction. Without any resulting prejudice, the district court's admission of the

reports, even if erroneous, was harmless error.

## V

[¶ 16] We affirm the criminal judgment.

[¶ 17] DALE V. SANDSTROM, DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.