# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 89

State of North Dakota,                                                          Petitioner

     v.

The Honorable Stacy J. Louser, Judge

of the District Court, North Central

Judicial District, and Misty Lee Schwarz,                        Respondents

## No. 20200322

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Stacy J. Louser, Judge.

PETITION FOR SUPERVISORY WRIT DENIED.

Opinion of the Court by VandeWalle, Justice.

Ladd R. Erickson, Special Assistant Ward County State's Attorney, Washburn, ND, for petitioner.

James E. Nicolai, Deputy Solicitor General, Bismarck, ND, for respondent the Honorable Stacy J. Louser.

**VandeWalle, Justice.**

[¶1]   The State petitioned this Court to exercise its original jurisdiction and issue a writ of supervision directing the district court to grant a motion to amend a charge against Misty Lee Schwarz. We deny the State's petition, concluding the court did not abuse its discretion when it denied the motion.

I

[¶2]   On April 15, 2020, the State filed a criminal information charging Schwarz with a fourth offense of driving under the influence of alcohol ("DUI") and a sixth offense in five years of driving with a suspended license. On November 9, 2020, the State and Schwarz reached a plea agreement. The plea agreement called for amending the fourth offense DUI down to a third offense DUI. This agreement would change the offense level from a class C felony to a class A misdemeanor. It also included a provision agreeing to a specific sentence. The same day, the State filed a motion to amend the charge.

[¶3]   On November 9, 2020, the district court also held a final pretrial conference. The State asserted the charge needed an amendment to a lower level offense to create a longer sentence for Schwarz due to the COVID-19 pandemic. The State argued a conviction for the fourth offense DUI would result in a shorter prison sentence because of the Department of Corrections and Rehabilitation's ("DOCR") policy allowing DUI defendants to serve time in a noncustodial halfway house. The State said, "The fourth offense is a weaker sentence if you send them to the Pen. They send them right out right now with COVID but even before that they're not in there long enough to dry out." The State wanted to amend the charge so Schwarz could serve a longer period of time in the county jail and "dry out." At the conference, the court expressed concern with amending the charge to the misdemeanor third offense.

[¶4]   The district court ultimately denied the plea agreement and the motion to amend the charge. The court expressed its concern with changing the charge to a lower offense level:

The State's argument fails to recognize *if* Schwarz were convicted of a class C felony or a class A misdemeanor, any sentence imposed would also include credit for time, if any, served. Thus, any concern that Schwarz "would be transferred to one of two places for assessment" followed by a "most likely halfway house placement" may or may not be an accurate representation of reality.

[¶5]   The State now seeks a writ of supervision to compel the district court to amend the charge. The State argues the court violated the separation of powers doctrine and infringed upon the State's prosecutorial discretion.

II

[¶6]   The parties dispute whether this is an appropriate circumstance for this Court to exercise our supervisory jurisdiction. Article VI, Section 2 of the North Dakota Constitution provides this Court with "original jurisdiction with authority to issue, hear, and determine such original and remedial writs as may be necessary to properly exercise its jurisdiction." *See also* N.D.C.C. § 27-02-04 ("In the exercise of its appellate jurisdiction, and in its superintending control over inferior courts, it may issue such original and remedial writs as are necessary to the proper exercise of such jurisdiction."). We have previously said:

> Our authority to issue supervisory writs arises from Article VI, Sec. 2 of the North Dakota Constitution and N.D.C.C. § 27-02-04. The authority is discretionary, and it cannot be invoked as a matter of right. We issue supervisory writs only to rectify errors and prevent injustice when no adequate alternative remedies exist. Further, we generally do not exercise supervisory jurisdiction when the proper remedy is an appeal, even though an appeal may be inconvenient or increase costs. This authority is exercised rarely and cautiously and only in extraordinary cases. Finally, determining whether to exercise original jurisdiction is done on a case-by-case basis.

*Holbach v. City of Minot*, 2012 ND 117, ¶ 12, 817 N.W.2d 340 (internal citations and quotations omitted).

[¶7]   Contrarily, under N.D. Const. art. VI, § 6, our appellate jurisdiction is provided by law. Section 29-28-07, N.D.C.C., provides when the State may appeal in a criminal matter. The statute allows the State to appeal from:

1. An order quashing an information or indictment or any count thereof.
2. An order granting a new trial.
3. An order arresting judgment.
4. An order made after judgment affecting any substantial right of the state.
5. An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. The statement must be filed with the notice of appeal.

*Id.*

[¶8]   In this instance, the State cannot appeal from either the order denying the motion to amend the charge or the order denying the plea agreement. None of the criteria in N.D.C.C. § 29-28-07 apply. Respondent Louser argues Schwarz could have appealed the orders after entering a conditional plea of guilty to the original charge while reserving the right to appeal. Additionally, she argues the State could have appealed the orders after Schwarz entered a conditional plea of guilty because the orders affected a "substantial right of the state." This course of action would require both parties and the district court to agree before this Court could review the matter under N.D.C.C. § 29-28-07(4). However, nothing requires Schwarz to agree to a conditional plea agreement, and nothing requires the court to accept a conditional plea agreement. The State is left without a remedy to address the orders under N.D.C.C. § 29-28-07 unless both Schwarz and the court agree to this course of action. Because the State lacks the ability to realistically appeal the court's orders under N.D.C.C. § 29-28-07, we conclude this is an appropriate circumstance to consider exercising our supervisory jurisdiction. We will consider the issues raised by the State on the merits.

3

# III

[¶9]   The State argues the district court violated the separation of powers and infringed on its prosecutorial discretion when it rejected the plea agreement and denied the State's motion to amend the charge. "The North Dakota Constitution creates three branches of government and vests each branch with a distinct type of power." *N.D. Legislative Assembly v. Burgum*, 2018 ND 189 ¶ 40, 916 N.W.2d 83. The legislative power is vested in the legislative assembly. N.D. Const. art. III, § 1. "The executive power is vested in the governor . . . ." N.D. Const. art. V, § 1. "The judicial power of the state is vested in a unified judicial system . . . ." N.D. Const. art. VI, § 1. Further, "[t]he legislative, executive, and judicial branches are coequal branches of government." N.D. Const. art. XI, § 26.

[¶10] We have not previously considered whether a district court violates the separation of powers and infringes on prosecutorial discretion when it rejects a plea agreement and refuses to amend a charge. However, in *State ex rel. Koppy v. Graff*, we examined a similar issue when a district court refused to grant the State's motion to dismiss a charge against a defendant. 484 N.W.2d 855, 856 (N.D. 1992). In *Graff*, the defendant was charged with being an accomplice to murder. *Id.* After the State determined a witness was unreliable and discovered new evidence, it moved to dismiss the charge without prejudice, and the defense objected. *Id.* The court denied the State's motion. *Id.* On petition for a writ of supervision, this Court reviewed the matter. *Id.*

[¶11] In *Graff* we analyzed N.D.R.Crim.P. 48(a), which requires a prosecuting attorney to obtain the district court's approval in order to dismiss charges against a defendant. *Graff*, 484 N.W.2d at 857; N.D.R.Crim.P. 48(a) ("The prosecuting attorney may not dismiss an indictment, information or complaint except on motion and with the court's approval."). We explained the required court approval to dismiss a criminal case was a modification of the common law. *Graff*, 484 N.W.2d at 857 (quoting 3A Charles A. Wright, *Federal Practice and Procedure: Criminal 2d* § 812 (1982)) ("At common law the prosecutor could enter a nolle prosequi without approval of the court."). While discussing prosecutorial discretion, we stated:

4

Generally, the prosecuting attorney is considered to be in the best position to evaluate the charges and the evidence to determine if prosecution should continue. The prosecution is entitled to a presumption of good faith when requesting a dismissal. However, that decision is not absolute and is subject to review by the trial court under Rule 48(a).

Rule 48(a) has been viewed as a way to check the absolute power of the executive. Although the prosecutor has discretion in this area, the trial court should not merely serve as a "rubber stamp" for the prosecutor's decision. The trial court has an important function to protect the public interest and prevent harassment of the defendant.

*Id.* at 858 (internal citations omitted).

[¶12] Similarly, in *United States v. Cowan*, the Fifth Circuit Court of Appeals reviewed F. R. Crim. P. 48(a), which also requires the approval of a federal district court in order to dismiss a charge against a defendant. 524 F.2d 504, 505 (5th Cir. 1975). The court concluded the required permission of a court to dismiss criminal charges "was intended to modify and condition the absolute power of the Executive, consistently with the Framer's concept of Separation of Powers, by erecting a check on the abuse of Executive prerogatives." *Id.* at 513. The court held the requirement does not violate the separation of powers doctrine and is a check on the executive branch's "power to take care that the laws are faithfully executed." *Id.*

[¶13] Although *Graff* and *Cowan* involve a court's role in dismissing criminal charges, other courts have examined required court approval to amend criminal charges. In *Hoskins v. Markel*, the Kentucky Supreme Court addressed a trial court's rejection of a plea agreement between the Commonwealth of Kentucky and two defendants. 150 S.W.3d 1, 4-5 (Ky. 2004). The Commonwealth originally charged the defendants with two counts of murder, a capital offense, and two counts of abuse of a corpse, a class A misdemeanor. *Id.* at 4. The case went to trial, but the judge later declared a mistrial. *Id.* Before the case went to a second trial, plea negotiations resulted in an agreement "to dismiss the abuse of a corpse charges, to dismiss one count

of murder against each [defendant], and to amend the remaining counts of murder to charge each [defendant] with one count of manslaughter in the second degree, a Class C felony." *Id.* The prosecutor moved to amend the indictment according to the plea agreement, and the defendants filed motions to enter guilty pleas to the amended charges. *Id.* at 5.

[¶14] After a hearing, the trial court in *Hoskins* denied the defendants' motions to enter guilty pleas to second-degree manslaughter, effectively rejecting the plea agreements. *Hoskins*, 150 S.W.3d at 5. The Kentucky Court of Appeals denied the defendants' petition for a writ of prohibition. *Id.* On appeal to the Kentucky Supreme Court, the defendants claimed the judge acted outside his jurisdiction when he rejected the plea agreement. *Id.* The defendants argued the power to prosecute felony cases is exclusively vested in the executive branch of government and the prosecutor had the power to "prosecute, amend, or dismiss [the indictment] at his or her discretion without interposure from the presiding judge." *Id.* at 5, 12.

[¶15] Outlining the separation of powers in the Kentucky Constitution the *Hoskins* court held, "The power to charge persons with crimes and to prosecute those charges belongs to the executive department." 150 S.W.3d at 12. The court went on to say, "The power to conduct criminal trials, to adjudicate guilt, and to impose sentences within the penalty range prescribed by the legislature belongs to the judicial department." *Id.* at 12. The court noted the Kentucky Rules of Criminal Procedure required the permission of a court in order to amend or dismiss criminal charges. *Id.* at 15. While discussing *Cowan*, the court concluded the required approval to amend the charges by the court did not violate the separation of powers because "a court, once having obtained jurisdiction of a cause of action, has, incidental to its constitutional grant of power, inherent power to do all things reasonably necessary to the administration of justice in the case before it." *Id.* at 17 (quoting *Smothers v. Lewis*, 672 S.W.2d 62, 64 (Ky. 1984)).

[¶16] In *State v. Conger*, the Wisconsin Supreme Court analyzed a similar argument when a court denied a motion to amend a felony charge to three misdemeanor charges and rejected a plea agreement. 797 N.W.2d 341, 345-46

6

(Wis. 2010). The State argued when the court rejected the motion and the plea agreement it "usurp[ed] the prosecutor's role." *Id.* at 350. By rejecting the plea agreement, the State argued, "the circuit court in essence decided that the prosecution would have to go forward." *Id.*

[¶17] The Wisconsin Supreme Court resolved the dispute between the power of the court and the discretion of the prosecutor by evaluating when the court's jurisdiction started and the prosecutor's statutory power to amend the charge ended. *Conger*, 797 N.W.2d at 350-51. The court found the trial court's jurisdiction started when the case commenced. *Id.* at 350. In Wisconsin, a state statute allows the prosecutor to amend charges up until arraignment. *Id.* at 351; Wis. Stat. § 971.29(1). The Wisconsin Supreme Court concluded the prosecutor's unchecked discretion ended after the case commenced and the statute allowing amended charges no longer took effect–at arraignment. *Conger*, 797 N.W.2d at 351. After arraignment, the court had the discretion to allow or reject plea agreements and amended charges.

[¶18]  In North Dakota, unlike Wisconsin, neither state statute nor the North Dakota Rules of Criminal Procedure grant a prosecutor unfettered power to amend a complaint or information until arraignment. *See generally* N.D.C.C. tit. 29; N.D.R.Crim.P. 3(c); N.D.R.Crim.P. 7(e). Our rules of criminal procedure require a prosecutor to obtain a court's approval before amending a complaint or information at any time. Rule 7(e), N.D.R.Crim.P., controls the amendment of an information, including the one filed by the State in this case. The rule states:

> Unless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court *may* permit an information to be amended at any time before the verdict or finding. If the prosecuting attorney chooses not to pursue a charge contained in the initial information, a dismissal of that charge must be stated in the amended information.

N.D.R.Crim.P. 7(e) (emphasis added); *see also* N.D.R.Crim.P. 3(c) ("The magistrate may permit a complaint to be amended at any time before a finding or verdict if no additional or different offense is charged and if substantial

rights of the defendant are not prejudiced."). "The word 'may' is usually used 'to imply permissive, optional or discretional, and not mandatory action or conduct.'" *State v. Glaser*, 2015 ND 31, ¶ 18, 858 N.W.2d 920 (quoting *City of Devils Lake v. Corrigan*, 1999 ND 16, ¶ 12, 589 N.W.2d 579) (discussing the use of "may" in statutes). "We only construe the word 'may' as 'must' where the context or subject matter compels that construction." *Midthun v. N.D. Workforce Safety & Ins.*, 2009 ND 22, ¶ 13, 761 N.W.2d 572.

[¶19] As a result, applying the Wisconsin Supreme Court's *Conger* analysis, in North Dakota the prosecutor's unchecked discretion ends when the case is filed. Once the case is filed, Rules 7(e) and 3(c), N.D.R.Crim.P., grant the district court the power to allow and reject amendments to the charges. As used in the rules, the word "may" provides the court discretion to make this determination. Interpreting the rules to allow a prosecutor unfettered discretion to amend a criminal charge, as the State wishes, would make the rules become "*bruten fulmen* (empty noise)." *McCullough v. Swanson*, 245 N.W.2d 262, 265 (N.D. 1976). "The rules must be treated respectfully, otherwise they would be considered as only advisory." *Id.* (discussing the requirements of the appellate rules).

[¶20] Additionally, this discretionary power embodied in the district court does not violate the separation of powers doctrine. Once the court obtains jurisdiction over an action, it also obtains the "inherent power to do all things reasonably necessary to the administration of justice in the case before it." *Hoskins*, 150 S.W.3d at 17. When the prosecutor files a criminal charge with the court, the sole discretion of the executive branch ends and the judicial branch acquires a role in the proceeding. This role includes protecting the public interest. Once the case is filed with the court, the court must ensure the administration of justice in the case before it. This duty provides a check and balance on the executive's power to ensure the laws of this State are faithfully executed. Therefore, the court's role in approving or rejecting amendments to criminal charges does not violate the separation of powers embodied in the North Dakota Constitution.

# IV

[¶21] We now turn to whether the district court erred when it denied the motion to amend the charge against Schwarz and rejected the plea agreement. We review a district court's decision on a motion to amend an information under the abuse of discretion standard. *State v. Carlson*, 2016 ND 130, ¶ 6, 881 N.W.2d 649. "A district court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law." *Id.* (quoting *State v. Hammer*, 2010 ND 152, ¶ 26, 787 N.W.2d 716).

[¶22] Rule 7(e), N.D.R.Crim.P., allows the State to amend an information with the approval of the district court. Rule 11(c)(1), N.D.R.Crim.P., allows the State and a defendant to reach a plea agreement. When a plea agreement requires the State to "not bring, or . . . move to dismiss, other charges" or has an agreement to a specific sentence, "the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." N.D.R.Crim.P. 11(c)(3)(A); N.D.R.Crim.P. 11(c)(1). If the court rejects the plea agreement it must:

> (A) inform the parties that the court rejects the plea agreement;

> (B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and

> (C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

N.D.R.Crim.P. 11(c)(5).

[¶23] Section 39-08-01(3), N.D.C.C., makes the offense level higher for a DUI depending on the number of prior offenses. The statute states:

> An individual violating this section or equivalent ordinance is guilty of a class B misdemeanor for the first or second offense in a

9

seven-year period, of a class A misdemeanor for a third offense in a seven-year period, and of a class C felony for any fourth or subsequent offense within a fifteen-year period. The minimum penalty for violating this section is as provided in subsection 5. *The court shall take judicial notice* of the fact that an offense would be a subsequent offense if indicated by the records of the director or may make a subsequent offense finding based on other evidence.

N.D.C.C. § 39-08-01(3) (emphasis added). The statute requires the court to take judicial notice to determine if a current offense is a subsequent offense. *Id.* In addition, N.D.C.C. § 39-08-01(5) lists the required minimum mandatory sentences for initial and subsequent DUI offenses.

[¶24] In *Hoskins*, the Kentucky Supreme Court held a trial court has discretion to approve or reject a plea agreement that has a sentencing provision and dismisses or amends one or more charges in exchange for a guilty plea. *Hoskins*, 150 S.W.3d at 24. However, it also held the court "must articulate the prosecutor's reasons for forming the bargain and the court's reasons for rejecting it." *Id.*

[¶25] In this case, the State and Schwarz reached a plea agreement that would have amended the DUI charge from a fourth offense to a third offense, changing the classification level from a class C felony to a class A misdemeanor. The plea agreement also included a provision for sentencing. At the hearing, the district court asked whether this would be considered Schwarz's third or fourth DUI offense. The State explained Schwarz's record reflected she had three other offenses. The court then said, "Which would make this the fourth." The court followed the legislative assembly's directive in N.D.C.C. § 39-08-01(3) when it noted this DUI offense, if Schwarz were convicted, would be her fourth subsequent offense.

[¶26] Additionally, in its written order the district court explained the State's reasons for negotiating the plea agreement and why the court was rejecting it: "[T]he State now argues it wishes to proceed on a third offense charge in order to avoid the risk of Schwarz being 'turned out' of the DOCR, forcing Schwarz to serve 120 days rather than a year and a day in order to 'dry out.'" The court also stated, "The legislature has clearly, statutorily defined the minimum

mandatory sentence that must be imposed for a first, second, third and fourth or more DUI offenses."

[¶27] The district court did not abuse its discretion when it denied the motion to amend the charge and rejected the plea agreement. The court followed the legislative directive in N.D.C.C. § 39-08-01(3) when it determined this would be Schwarz's fourth DUI offense, not her third. Further, as indicated by the *Hoskins* court, the court here explained why the State negotiated the plea agreement and why the court rejected it. The court did not abuse its discretion when it refused to amend the charges against Schwarz and rejected the plea agreement.

V

[¶28] A district court's role to approve or reject amendments to criminal charges does not violate the separation of powers doctrine, nor did the court abuse its discretion when it denied the motion to amend the charge against Schwarz and rejected the plea agreement. The State's petition for a writ of supervision directing the court to grant the State's motion to amend the charge is denied.

[¶29] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

11