FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
MARCH 17, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 59

State of North Dakota,                                    Plaintiff and Appellee

   v.

Mackenzy Bazile,                                    Defendant and Appellant

## No. 20210261

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Ryan J. Younggren, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Tyler J. Morrow, Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Mackenzy Bazile appeals from a criminal judgment after a jury convicted him of gross sexual imposition. Bazile argues the district court erred in denying his motion for mistrial based on prosecutorial misconduct. Bazile also argues the court erred by failing to make findings on the record regarding Bazile's motion for mistrial. We affirm.

I

[¶2]   In July 2017, T.Y.C. and her mother traveled to Fargo, ND, and stayed with family. At the time, T.Y.C. was 13 years old and Bazile was 20 years old. T.Y.C. slept in a room with her cousins, one of whom was Bazile. T.Y.C. testified she was awakened in the night by Bazile on top of her, her underwear removed, and Bazile's penis inside her. T.Y.C. became pregnant and later gave birth. DNA testing established a high probability Bazile was the father of T.Y.C.'s child.

[¶3]   Bazile was charged with gross sexual imposition. During the pretrial conference, the district court granted the State's request to sequester witnesses participating in trial. At the April 2021 trial, Bazile testified and was cross-examined as follows:

> "Q: Now, you of course were aware that everyone in the family is supporting you and not supporting M.C. and T.Y.C.; is that correct?
>
> A: That's not true.
>
> Q: Okay. Why is that not true?
>
> A: Because as my grandfather stated, he went over there, he checked up on them, and he constantly brought up his concerns.
>
> Q: But in this case, didn't you happen to notice that your family members, your grandfather in particular, none of them watched T.Y.C. and M.C. testify?

A: Well, they couldn't.

MR. MORROW: Obj—objection, Your Honor. The State had moved to sequester.

THE COURT: Sustained."

[¶4] Bazile moved for a mistrial arguing the State intentionally tried to taint the jury by bringing up witness support. Bazile requested a clarifying jury instruction on sequestration if the district court denied his motion for mistrial. The State agreed on a curative instruction. The district court denied the motion for mistrial and instructed the jury to disregard any reference to who was in the courtroom supporting witnesses. The jury found Bazile guilty.

II

[¶5] Bazile argues the State's cross-examination inquiring into whether sequestered witnesses supported the victim was prosecutorial misconduct that deprived him of his right to a fair trial, and the district court erred denying his motion for mistrial. Motions for mistrial generally are reviewed under our abuse of discretion standard of review. *See State v. Skarsgard*, 2007 ND 160, ¶ 16, 739 N.W.2d 786 (Motions for mistrial "are within the broad discretion of the district court, and we will not reverse the court's decision on the motion unless there was a clear abuse of that discretion or a manifest injustice would result."). When the basis for a motion for mistrial is prosecutorial misconduct, this Court reviews a claim of prosecutorial misconduct under the de novo standard of review. *State v. Foster*, 2020 ND 85, ¶ 9, 942 N.W.2d 829.

[¶6] This Court first determines whether the prosecutor's actions were misconduct. *Foster,* 2020 ND 85, ¶ 9. If so, this Court next examines whether the misconduct had a prejudicial effect. *Id.* Here, the prosecutor conceded his question was improper and supported a curative jury instruction. Therefore, we will examine whether the misconduct had a prejudicial effect.

[¶7] The law recognizes that prosecutorial misconduct may "infect the trial with unfairness as to make the resulting conviction a denial of due process."

2

*Foster*, 2020 ND 85, ¶ 17. However, this Court recognizes not every assertion of prosecutorial misconduct "automatically rises to an error of constitutional dimension." *Id.* We have said:

> "To determine whether a prosecutor's misconduct rises to a level of due process violation, we decide if the conduct, in the context of the entire trial, was sufficiently prejudicial to violate a defendant's due process rights. If conduct was sufficiently prejudicial, we then consider the probable effect the prosecutor's improper comment would have on the jury's ability to fairly judge the evidence. In reviewing claims involving improper prosecutorial comments, we have noted the following: Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding."

*Id.* (cleaned up). A curative jury instruction generally will remove prejudice caused by improper statements because the jury is presumed to follow a court's instruction. *See State v. Carlson*, 2016 ND 130, ¶¶ 11-12, 881 N.W.2d 649 (concluding the district court did not abuse its discretion by giving a curative jury instruction instead of ordering a mistrial based on testimony regarding defendant's allegedly prior bad acts).

[¶8] Here, the district court instructed the jury to disregard the improper question, and the prosecutor did not raise the subject again during trial. Furthermore, after reviewing the evidence as a whole, the State's question was an isolated incident during a three-day trial. We conclude that the single improper question, which the jury was admonished to ignore, was not sufficiently prejudicial to violate Bazile's due process rights. *Foster*, 2020 ND 85, ¶ 17. Therefore, the district court did not abuse its discretion denying Bazile's motion for mistrial.

### III

[¶9] Bazile argues the district court erred by failing to make factual findings on the record after denying his claim of prosecutorial misconduct. We disagree.

[¶10] The North Dakota Rules of Criminal Procedure do not require a district court to state findings on the record when a motion is made during trial.

3

*Compare* N.D.R.Crim.P. 12(d) (requiring the district court to state essential findings on the record when factual issues are involved in a pretrial motion) *with* N.D.R.Crim.P. 47 (containing no similar requirement regarding ruling on a motion made at trial).

## IV

[¶11] We affirm the district court's criminal judgment.

[¶12] Jon J. Jensen, C.J.
 Gerald W. VandeWalle
 Daniel J. Crothers
 Lisa Fair McEvers
 Jerod E. Tufte