# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 160

State of North Dakota,                                    Plaintiff and Appellee

v.

Dustin Bradley Lyman,                              Defendant and Appellant

No. 20220023

Appeal from the District Court of McLean County, South Central Judicial District, the Honorable Cynthia Feland, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice, in which Chief Justice Jensen and Justices VandeWalle, Crothers, and Tufte joined.  Chief Justice Jensen filed a concurring opinion.

Ladd R. Erickson, State's Attorney, Washburn, ND, for plaintiff and appellee; submitted on brief.

Michael R. Hoffman, Bismarck, ND, for defendant and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]   Dustin Bradley Lyman appeals from a criminal judgment entered after a jury found him guilty of driving a vehicle while under the influence of intoxicating liquor.  Lyman argues the district court erred in denying his motion for a mistrial, asserting the State's opening statement constituted prosecutorial misconduct and violated his right to a fair trial.  We affirm.

I

[¶2]   In March 2021, Lyman was stopped on suspicion of driving under the influence after witnesses reported seeing Lyman's vehicle swerving within its own lane and into the oncoming lane.  Law enforcement officers smelled alcohol emanating from Lyman's vehicle and noted Lyman had slurred speech and bloodshot eyes.  Officers stated Lyman admitted he had been drinking.  Lyman also had difficulty maintaining his balance once out of the vehicle.  Lyman was arrested for driving under the influence.  Lyman did not submit to a chemical test.  Lyman's citation stated he refused testing, and he was charged with driving under the influence and refusal.

[¶3]   Before trial, Lyman moved to suppress evidence of his refusal, arguing law enforcement did not make a valid request for testing.  The district court found the officers failed to properly request Lyman submit to testing and, therefore, Lyman had not actually refused any testing.  The court granted the motion to suppress, concluding "the State, and any State witnesses, are not permitted to refer to Lyman's 'refusal' to submit to the preliminary breath test or the chemical test for any purpose" during trial.  The State amended the criminal complaint, charging Lyman with driving under the influence of intoxicating liquor.

[¶4]   During its opening statement, the State mentioned a "mistake" on the part of law enforcement.  The State explained, because of the "mistake," there would be no chemical test and the jury would not determine whether Lyman's alcohol concentration was at least 0.08 percent.  Lyman objected, arguing the

State's reference to a chemical test would not be supported by the evidence. The district court sustained the objection and advised the jury that statements by counsel are not evidence. The court also admonished the jury and ordered that the State's mention of a chemical test be stricken. Lyman moved for a mistrial, which the court denied. Lyman renewed his motion for a mistrial after the presentation of evidence, and the court again denied the motion. The jury found Lyman guilty of driving under the influence. Judgment was entered, and Lyman appeals.

## II

[¶5] Lyman argues the district court erred in denying his motion for a mistrial. Although he did not assert prosecutorial misconduct in the district court, Lyman did object to the alleged misconduct. On appeal, Lyman contends the State engaged in prosecutorial misconduct and "blatantly violated the district court's suppression order" by mentioning suppressed evidence during its opening statement. He argues the State's misconduct violated his right to a fair trial.

[¶6] Opening statements are made after the jury is impaneled and sworn and the trial is ready to proceed. N.D.R.Ct. 6.2. The control and scope of opening statements "is largely a matter left to the discretion of the trial court," and a case will not be reversed "unless a clear abuse of discretion is shown." *State v. Schimmel*, 409 N.W.2d 335, 342 (N.D. 1987).

> The purpose of an opening statement is to inform the jury what the case is all about and to outline to it the proof which the State expects to present, so that the jurors may more intelligently follow the testimony as it is presented. In such statement, counsel for the State should outline what he intends to prove, and it is not necessary that he name the witnesses who will present each bit of evidence. In outlining his proposed case, counsel should be allowed considerable latitude. Only where the prosecutor deliberately attempts to misstate the evidence will such opening statement be ground for reversible error.

*State v. Marmon*, 154 N.W.2d 55, 62 (N.D. 1967); *see also* Michael J. Ahlen, *Opening Statements in Jury Trials: What Are the Legal Limits?*, 71

2

N.D.L. Rev. 701, 704–05 (1995) ("The whole purpose of opening statements is to give the jury some background of the case so that they can better understand the evidence which they are about to see and hear.").

[¶7] Whether to grant a mistrial is within the district court's discretion, which this Court will not reverse on appeal absent an abuse of such discretion. *State v. Carlson*, 2016 ND 130, ¶ 11, 881 N.W.2d 649. A mistrial is an "extreme remedy," appropriate only when "there is a fundamental defect or occurrence in the proceedings of the trial which makes it evident that further proceedings would be productive of manifest injustice." *Id.*

[¶8] "This Court applies a de novo standard of review when determining whether facts rise to the level of a constitutional violation, including a claim that prosecutorial misconduct denied a defendant's due process right to a fair trial." *State v. Foster*, 2020 ND 85, ¶ 9, 942 N.W.2d 829. We first determine "whether the prosecutor's actions were misconduct" and, if so, we then examine "whether the misconduct had prejudicial effect." *Id.* "Prosecutorial misconduct may so infect the trial with unfairness as to make the resulting conviction a denial of due process." *City of Bismarck v. Sokalski*, 2016 ND 94, ¶ 10, 879 N.W.2d 88. However, we have recognized "not every assertion of prosecutorial misconduct, followed by an argument the conduct denied the defendant his constitutional right to a fair trial, automatically rises to an error of constitutional dimension." *Foster*, 2020 ND 85, ¶ 17. The prosecutorial misconduct must be of sufficient significance to result in a denial of the defendant's right to a fair trial. *Id.* In making that determination, this Court decides if the conduct, "in the context of the entire trial, was sufficiently prejudicial to violate a defendant's due process rights." *Id.* If the conduct is sufficiently prejudicial, we then consider "the probable effect the prosecutor's improper comment would have on the jury's ability to fairly judge the evidence." *Id.* "Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." *State v. Pena Garcia*, 2012 ND 11, ¶ 6, 812 N.W.2d 328. A curative jury instruction generally will remove prejudice caused by improper statements because the jury is presumed to follow a court's

instruction. *State v. Bazile*, 2022 ND 59, ¶ 7, 971 N.W.2d 884 (citing *Carlson*, 2016 ND 130, ¶¶ 11-12).

[¶9]   In its opening statement, the State said:

> Now, typically, or not uncommonly I should say, there is a chemical test. In this case, the officer made a mistake. There won't be a chemical test of an exact blood alcohol level because of that mistake. So this is strictly a DUI case, not a DUI or someone that's driving with the alcohol concentration at .08 or greater.

Lyman objected and requested the language be stricken, arguing evidence of a mistake was not admissible. The district court instructed the jury as follows:

> Members of the Jury, you're going to get an instruction later on that talks about that the comments of an attorney are not evidence. In this case, each party, as I stated in the opening instructions, will outline what they believe the evidence will show. Their comments are not evidence.
>
> The evidence that you are to consider is, as I mentioned in the instructions, the testimony you hear from the witnesses on that witness stand and the information in any exhibit that may be received in evidence.
>
> Those are the only two sources of information from which you are to make your factual findings in this case.

Lyman again asked the court to instruct the jury that the language be stricken, and the court stated:

> Members of the Jury, there is no evidence related to a chemical test. That is not something you will be considering in this case. This case is driving under the influence. You've received a definition. Any other language that you heard pertaining to a test is not relevant to this case and is stricken.

Lyman moved for a mistrial, and the court denied the motion.

[¶10] Following our analysis in *Marmon*, the State was attempting to show what the case was about and what evidence it expected to present or, in this

4

case, would not present. 154 N.W.2d at 62. While it may be questionable whether the State should argue an absence of evidence, there has been no showing the prosecutor deliberately misstated the evidence or deliberately attempted to violate the district court's suppression order. We do not believe the prosecutor's statements here were improper.

[¶11] Even assuming the State's comment was misconduct, we conclude Lyman has failed to demonstrate the comment had prejudicial effect. Following the statement and Lyman's objection, the district court admonished the jury and gave a curative instruction that statements of counsel are not evidence. The court instructed the jury to disregard the statement. The court further directed that the State's comment regarding a chemical test be stricken. This Court assumes the jury follows such instructions. *See Bazile*, 2022 ND 59, ¶ 7; *Carlson*, 2016 ND 130, ¶ 11; *Pena Garcia*, 2012 ND 11, ¶ 10. The State did not mention the lack of a chemical test again during trial and, on the record before us, the proceeding was otherwise fair. We conclude the comment about a mistake did not affect the jury's ability to fairly judge the remaining evidence, and the court's admonishing the jury and striking the comment were sufficient to remove any possible prejudice. We hold the court did not abuse its discretion in denying Lyman's motion for mistrial.

## III

[¶12] We affirm the criminal judgment.

[¶13] Jon J. Jensen, C.J.
 Gerald W. VandeWalle
 Daniel J. Crothers
 Lisa Fair McEvers
 Jerod E. Tufte

**Jensen, Chief Justice, concurring.**

[¶14] I agree with, and have signed, the majority opinion. I write separately to note what I believe is an ambiguity in the majority opinion regarding why the

State's comments during opening statements were problematic. The comments may be problematic because they violate the district court's pretrial order excluding references to a refusal to submit to chemical testing, were not factually accurate, or both.

[¶15] The progression of this case is significant. The driver was stopped, arrested, and charged with driving while under the influence and refusal to submit to chemical testing. Prior to trial the driver moved to exclude from evidence at trial any references to the refusal to submit to chemical testing. The district court granted the motion noting the driver was never asked to submit to chemical testing. The driver did not have the opportunity to either refuse or consent to testing. There was no testing.

[¶16] Any reference to a refusal to submit to testing was excluded because of the lack of a request to submit to testing. Had there been a request to submit to testing we do not know whether the driver would have consented to testing or refused testing. It is also significant what this case is not—it is not a case involving a test being excluded from evidence because of a mistake. There cannot be a "mistake" related to testing when no test was ever offered or attempted.

[¶17] During opening statements, the State made the following comments:

> Now, typically, or not uncommonly I should say, there is a chemical test. In this case, the officer made a mistake. There won't be a chemical test of an exact blood alcohol level because of that mistake. So this is strictly a DUI case, not a DUI or someone that's driving with the alcohol concentration at .08 or greater.

The first sentence is an introduction, acknowledging to the jury that the presentation of a chemical test as evidence is common. The second sentence is the acknowledgment law enforcement made a mistake. The third sentence connects the mistake with the absence of a test.

[¶18] I do not believe these statements directly violate the district court's pretrial order not to reference a refusal to submit to testing. Nothing in these comments suggests the driver refused to submit to testing. However, the

6

statements are not factually accurate. Any "mistake" in this case was the failure to ask the driver to submit to testing. The result of that "mistake" was to exclude from evidence references to any refusal to submit to testing. The State, in an effort to explain why there would not be evidence of a chemical test, stated there would not be evidence of chemical testing because of a mistake. I do not believe those comments are factually accurate, or at least the comments could have been construed by the jury inaccurately. There was no testing in this case to which a mistake can be attributed contrary to the suggestion by the State there was a test that was excluded because of a mistake.

[¶19] The State's mischaracterization (or potential mischaracterization) is significant. Our news media is filled with discussions that can be summarized as follows: "An injustice has been done because, but for a technicality, the defendant would have been found guilty." That is a potential danger of the prosecutor's comments in this case. The comments leave me with the impression that, but for a mistake, the jury would have been presented with the results of testing. The truth is that no testing was ever requested. The truth would have been better served if the State would have limited its comments to the absence of a test without asserting the absence was the result of a mistake. The accurate statement would have been that a test was never requested.

[¶20] Despite a violation of the district court's pretrial order or the inaccuracy of the State's comments about a mistake, the court did everything right. It sustained the defendant's objection. The court provided appropriate instructions to the jury regarding the comments. Following the same analysis, I reach the same result as noted in paragraph 11 of the majority opinion: "We conclude the comment about a mistake did not affect the jury's ability to fairly judge the remaining evidence, and the court's admonishing the jury and striking the comment were sufficient to remove any possible prejudice."

[¶21] Jon J. Jensen, C.J.