FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
APRIL 26, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 80

State of North Dakota,                                    Plaintiff and Appellee

   v.

Benjamin Robert Hannesson,                          Defendant and Appellant

## No. 20220244

Appeal from the District Court of Pembina County, Northeast Judicial District, the Honorable Lonnie Olson, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Garret M. Fontaine, State's Attorney, Cavalier, ND, for plaintiff and appellee.

Peter B. Wold, Minneapolis, MN, for defendant and appellant.

**State v. Hannesson**
**No. 20220244**

**McEvers, Justice.**

[¶1]   Benjamin Hannesson appeals from a criminal judgment. He argues the evidence is insufficient to support the guilty verdicts and his right to due process was violated by prosecutorial misconduct. We affirm.

I

[¶2]   The State charged Hannesson with gross sexual imposition, burglary, theft of property, terrorizing, felonious restraint, and two counts of physical obstruction of a government function. The charges were based on an incident that occurred near Walhalla. The State alleged Hannesson broke into a woman's home in the middle of the night, restrained her, sexually assaulted her, stole money, and threatened to slit her throat if she called the police.

[¶3]   At trial, Hannesson objected while the State was questioning a Bureau of Criminal Investigation special agent about the boot impressions left at the scene of the crime. While responding to Hannesson's objection, and in the presence of the jury, the State made the following comment: "There will be an opportunity and defense counsel could certainly call experts to testify what they observed based on their differing training and experience." Hannesson objected to the State's comment, requested it be stricken, and then questioned the agent on voir dire regarding his qualifications. Afterwards, the court admonished the jury as follows:

> First of all, any statements made by the State pertaining to any burden on the defense to call any witnesses, at all, are improper. And the State -- well, the defense has no obligation to present any evidence, witnesses, or testimony, or experts for that reason. So if there was any comments made in regard to defense having the opportunity to bring anything, they do not have to do so. So that would be stricken from the record, if they were made.

Hannesson moved to dismiss or, alternatively, for a mistrial, arguing the State's comments impermissibly shifted the burden of proof to the defendant.

The court denied his motion. The jury returned guilty verdicts on every count except for the obstruction charges. Hannesson filed a motion under N.D.R.Crim.P. 29 and 33 challenging the sufficiency of the evidence, which the court denied.

## II

[¶4] Hannesson argues the district court erred when it denied his motion for a mistrial. He asserts the State's comment about his opportunity to call an expert witness violated his right to due process by impermissibly shifting the burden of proof to him.

[¶5] Ordering a mistrial is an "extreme remedy" that is only appropriate when there is a fundamental defect or occurrence at trial that makes it evident that continuing would be "productive of manifest injustice." *State v. Carlson*, 2016 ND 130, ¶ 11, 881 N.W.2d 649. We generally review a district court's decision on a motion for a mistrial for an abuse of discretion. *State v. Bazile*, 2022 ND 59, ¶ 5, 971 N.W.2d 884. However, "[p]rosecutorial misconduct may so infect the trial with unfairness as to make the resulting conviction a denial of due process." *City of Bismarck v. Sokalski*, 2016 ND 94, ¶ 10, 879 N.W.2d 88 (quoting *State v. Jasmann*, 2015 ND 101, ¶ 5, 862 N.W.2d 809). When the basis for a mistrial motion is prosecutorial misconduct, we apply the de novo standard of review to determine whether facts rise to the level of a constitutional violation. *Bazile*, at ¶ 5; *State v. Foster*, 2020 ND 85, ¶ 9, 942 N.W.2d 829.

[¶6] We first determine whether the prosecutor's actions were misconduct. *Foster*, 2020 ND 85, ¶ 9. If so, we analyze whether the misconduct had a prejudicial effect. *Id*. Although prosecutorial misconduct may create unfairness amounting to a due process violation, "not every assertion of prosecutorial misconduct 'automatically rises to an error of constitutional dimension.'" *Bazile*, 2022 ND 59, ¶ 7 (quoting *Foster*, at ¶ 17).

> To determine whether a prosecutor's misconduct rises to a level of due process violation, we decide if the conduct, in the context of the entire trial, was sufficiently prejudicial to violate a defendant's due

2

process rights. If conduct was sufficiently prejudicial, we then consider the probable effect the prosecutor's improper comment would have on the jury's ability to fairly judge the evidence. In reviewing claims involving improper prosecutorial comments, we have noted the following: Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding.

*Bazile*, at ¶ 7 (cleaned up). Curative jury instructions will generally remove prejudice caused by a prosecutor's improper statements because the jury is presumed to follow the district court's instructions. *Id*.

[¶7] Even assuming the State's comment in this case was improper, which the State appears to have conceded at oral argument, Hannesson has not demonstrated the misconduct amounts to a constitutional violation. The district court's opening instructions informed the jury the State bore the burden of proof, the court struck the comment, gave a prompt curative instruction after Hannesson objected, and the court's closing instructions reiterated the State's burden on each charge. The jury was repeatedly reminded the State bore the burden of proof during closing arguments. More than twenty witnesses testified, and the trial spanned eight days. Given the court's jury instructions, its curative admonishment, and the lengthy nature of the trial, we are not convinced this single comment made by the State was sufficiently prejudicial to violate Hannesson's right to due process.

## III

[¶8] Hannesson also argues the evidence presented at trial is insufficient to sustain the guilty verdicts. Based on our review of the record, we conclude substantial evidence supports the verdicts. *See* N.D.R.App.P. 35.1(a)(3) (providing for summary affirmance when the verdict is supported by substantial evidence).

## IV

[¶9] We affirm the judgment.

3

[¶10] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr