**Corrected Opinion Filed 08/26/24 by Clerk of the Supreme Court**

# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

---

### 2024 ND 118

---

State of North Dakota,                                    Plaintiff and Appellee

v.

James Alfonso Massey, III,                              Defendant and Appellant

---

### No. 20230396

---

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Constance L. Cleveland, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Sarah Belliston (argued), under the Rule on Limited Practice of Law by Law Students, Ryan J. Younggren (appeared) and Nicholas S. Samuelson (appeared), Assistant State's Attorneys, Fargo, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]    James Massey appeals from a judgment entered following a jury verdict finding him guilty of gross sexual imposition and child abuse. On appeal, Massey asserts the jury instruction for the gross sexual imposition was improper, and statements made in the State's closing arguments constitute prosecutorial misconduct. We affirm.

I

[¶2]    In October 2022, the State charged Massey with gross sexual imposition, a class AA felony, in violation of N.D.C.C. § 12.1-20-03(1)(a), and child abuse, a class C felony, in violation of N.D.C.C. § 14-09-22(1).

[¶3]    During the trial, the State provided testimony from the victim, T.T., law enforcement, medical staff, and a psychologist from the Red River Child Advocacy Center. At the close of the State's case, Massey moved the district court for a judgment of acquittal under N.D.R.Crim.P. 29. The court denied the motion after which Massey provided testimony on his own behalf.

[¶4]    The State's closing argument consisted in part of the following:

> What are folks going to think about their testimony? How do you react when T.T. (13) testifies and she's quiet, she's subdued, she doesn't present like someone that's running from a burning house, quite frankly. Is that what you were expecting? . . . [The psychologist] gives us context for us to look at this and say she has dealt with a lot of these kids . . . is any of this stuff inconsistent the way she described it? People, quite frankly—and we even heard this in jury selection, didn't we? When I gave that list of one to five, how many ones did we get? I get a lot of ones in sex abuse—child sex abuse cases a lot. Not because people aren't willing to do their job and aren't willing to do a good job at it. They just don't want to hear it. What if it was you? What if it was someone you cared about? What if it was a person that just wants to forget about it, just wants to forget? I mean look at what [the witness] said, you know when [the witness] talked about that. Okay? And she was like, honestly as soon as she told me, I just wanted her to stop. I know that was pretty smart, pretty intelligent for [the witness] to say, no, let's let the professionals investigate this and ask the open-ended questions and do this stuff right here. Okay? Is that she didn't want to hear it. And it didn't

happen to her. What about the people that it happens to, when you have to carry this around with you like a backpack full of rocks everyday. Do you want to open up that backpack and look at it all the time or do you just want to put it somewhere else and not deal with it and not talk about it; probably that, right?

Massey did not object during the State's closing argument.

[¶5]    The jury instruction which defined attempted gross sexual imposition read as follows:

> A person who willfully engages in a sexual act with another person or causes another person to engage in a sexual act is guilty of Gross Sexual Imposition if that person compels another person to submit by force or by threat of imminent death or serious bodily injury to be inflicted on any human being.

[¶6]    The jury instructions also required the State to prove the following essential elements:

> 1) On or about September 30, 2022, in Cass County, North Dakota, the Defendant, James Alfonso Massey, III, either willfully:
>        a. engaged in a sexual act with Jane Doe #1; or
>        b. caused Jane Doe #1 to engage in a sexual act with the Defendant; and
> 2) The Defendant did so by willfully compelling to submit to by force or by threat of imminent death or serious bodily injury, to be inflicted on Jane Doe #1.

[¶7]    The jury found Massey guilty of gross sexual imposition and child abuse. Massey appeals the convictions.

## II

[¶8]    Massey asserts the district court erred in assigning "willfully" as the required mens rea because willfully, as defined by the legislature, includes unintended conduct, and a person cannot unintentionally compel another to engage in a specific act. We have previously noted the following regarding jury instructions:

> Jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury. We review jury instructions as a whole and, if the instructions, as a whole, correctly advise

the jury on the law, they are sufficient although part of the instructions, standing alone, may be insufficient or erroneous.

*State v. Olander*, 1998 ND 50, ¶ 18, 575 N.W.2d 658 (cleaned up). An attorney's failure to object at trial to instructions forfeits any claim of error, limiting our review on appeal to obvious error. *State v. Morales*, 2019 ND 206, ¶ 14, 932 N.W.2d 106.

[¶9] Massey concedes the issue of whether willfully should have been included as the required mens rea was not preserved for appeal, but asserts it should be reviewed for obvious error. Under N.D.R.Crim.P. 52(b), we may consider an obvious error that affects substantial rights even though the issue was not brought to the district court's attention. *See State v. Landrus*, 2022 ND 107, ¶ 6, 974 N.W.2d 676. To establish an obvious error, the defendant must show: "(1) error; (2) that is plain; and (3) the error affects the defendant's substantial rights." *Id.* (quoting *State v. Pemberton*, 2019 ND 157, ¶ 9, 930 N.W.2d 125). We have discretion in deciding whether to correct an obvious error and we "should exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Pemberton*, at ¶ 9 (quoting *State v. Patterson*, 2014 ND 193, ¶ 4, 855 N.W.2d 113). A harmless error is any error, defect, irregularity, or variance that does not affect substantial rights or is not prejudicial. *Pemberton v. State*, 2021 ND 85, ¶ 18, 959 N.W.2d 891.

[¶10] In *State v. Gaddie*, the defendant raised a similar obvious error argument stating the use of "willfully" as the required culpability is inconsistent with crimes requiring specific intent. 2022 ND 44, ¶¶ 21, 25, 971 N.W.2d 811. This Court determined the "mens rea 'willfully' as defined by N.D.C.C. § 12.1-02-02(1)(e) is not necessarily inconsistent with a crime requiring specific intent[.]" *Gaddie*, at ¶ 26. Because the charge "required a finding that Gaddie touched various parts of the victim's body in a manner constituting sexual contact or a sexual act," and N.D.C.C. § 12.1-02-02(3)(a), which requires a person engage in a sexual act or sexual contact does not specify a culpability level for the conduct "[t]he jury was therefore required to find Gaddie's actions were willful." *Gaddie*, at ¶ 26 (citing N.D.C.C. § 12.1-02-02(3)(a)).

[¶11] Similarly, Massey was charged with gross sexual imposition under N.D.C.C. § 12.1-20-03(1)(a) which required the jury to find Massey touched various parts of the victim's body in a manner constituting a sexual act. Consistent with N.D.C.C. § 12.1-20-02(4), the jury instructions define "sexual act" as:

[S]exual contact between human beings consisting of contact between, the penis and the vulva, the penis and the anus, the mouth and the penis, the mouth and the vulva, the use of an object which comes in contact with the victim's anus, vulva, or penis, or any other portion of the human body and the penis, anus or vulva. Sexual contact between the penis and the vulva the penis and the anus an object and the anus, vulva, or penis of the victim, or any other portion of the human body and the penis, anus, or vulva occurs upon penetration, however slight. Emission is not required.

[¶12] Although not requiring Massey to act with a specific purpose, the elements requiring the jury to find Massey "engaged in a sexual act" or "caused Jane Doe #1 to engage in a sexual act" provide for a similar purposeful intention. As in *Gaddie*, N.D.C.C. § 12.1-20-03(1)(a) does not specify a culpability level for the conduct and requires a jury find the actions were willful. The district court did not err when it instructed the jury on the elements of gross sexual imposition, and Massey has failed to meet his burden of showing obvious error.

III

[¶13] Secondly, Massey argues the State made an inappropriate emotional appeal to the jury. Massey argues the State's following argument was improper:

What about the people that it happens to, when you have to carry this around with you like a backpack full of rocks everyday. Do you want to open up that backpack and look at it all the time or do you just want to put it somewhere else and not deal with it and not talk about it; probably that, right?

[¶14] Massey concedes this issue was not preserved for appeal, having failed to object during the State's closing argument. We have noted the following:

When there has been no objection to a prosecutor's argument, we do not reverse unless the challenged remarks constitute obvious error affecting a defendant's substantial rights. . . . In deciding if there was obvious error, we consider the probable effect of the prosecutor's improper comments on the jury's ability to judge the evidence fairly.

*State v. Evans*, 1999 ND 70, ¶ 9, 593 N.W.2d 336 (cleaned up).

[¶15] Massey argues the State is asking the jury to "imagine" someone they cared about or themselves as the victim of sexual assault. He asserts this statement was an improper

4

"golden rule" argument intended to create anger towards the accused, impacting deliberations.

[¶16] A "golden rule" argument asks jurors to place themselves in the shoes of a party, which is improper and should be avoided in both civil and criminal actions. *State v. Clark*, 2004 ND 85, ¶¶ 21-22, 678 N.W.2d 765. "Golden rule" arguments are "universally condemned because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *U.S. v. Palma*, 473 F.3d 899, 902 (8th Cir. 2007) (cleaned up). "Unless an error is fundamental, a defendant must demonstrate a prosecutor's comments during closing argument were improper and prejudicial." *Clark*, at ¶ 7.

[¶17] The State asserts the statements made in closing specifically addressed the victim's demeanor on the stands and bolstered the credibility by pairing it with the expert testimony surrounding child victims. Although the State may have intended, at least initially, to defend the child witness's credibility, the closing statement extended beyond the initial defense of credibility. The State asked the jury to put themselves in the position of the victim in evaluating the credibility of the victim's testimony directly: "What if it was you? What if it was someone you cared about? What if it was a person that just wants to forget about it, just wants to forget?" The State further described the trauma of these events as "hav[ing] to carry this around with you like a backpack full of rocks everyday," and additionally stated, "Do you want to open up that backpack and look at it all the time or do you just want to put it somewhere else and not deal with it and not talk about it; probably that, right."

[¶18] The district court, however, instructed the jury "opening statement and closing arguments of counsel are intended to help you in understanding the evidence, applying the law, and in determining the facts, but they are not evidence," and "argument or other remarks of an attorney, except admissions and stipulations noted in the course of the trial, must not be considered by you as evidence." The court also instructed the jury, "[y]ou have no right to disregard the law and look for any theory unsupported by credible evidence upon which to build a verdict one way or the other, nor to return a verdict based upon your own notions of what the law is or ought to be," and the jury's decision "must not be influenced by sympathy or emotion." Juries are presumed to follow the court's instructions. *State v. Lyman*, 2022 ND 160, ¶ 8, 978 N.W.2d 734. We have noted the following regarding prosecutorial misconduct:

[P]rosecutorial misconduct must be of sufficient significance to result in a denial of the defendant's right to a fair trial. In making that determination, this Court decides if the conduct, in the context of the entire trial, was sufficiently prejudicial to violate a defendant's due process rights. If the conduct is sufficiently prejudicial, we then consider the probable effect the prosecutor's improper comment would have on the jury's ability to fairly judge the evidence. Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding.

*Id*. (cleaned up).

[¶19] Even though the State made an improper "golden rule" argument, we conclude Massey failed to demonstrate the comments had a prejudicial effect. The evidence supporting the convictions was substantial, and although improper, we conclude the comments made during the State's closing argument did not affect the jury's ability to judge the remaining evidence fairly.

IV

[¶20] We conclude the district court did not err in using willfully as the required mens rea in the jury instructions. We further conclude that although the State made an improper "golden rule" argument by requesting the jury place themselves in the victim's shoes, Massey failed to demonstrate how he was prejudiced by the comments. We affirm the judgment of conviction.

[¶21]   Jon J. Jensen, C.J.
         Daniel J. Crothers
         Lisa Fair McEvers
         Jerod E. Tufte
         Douglas A. Bahr