# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 128

Mackenzy Bazile,

Petitioner and Appellant

v.

State of North Dakota,

Respondent and Appellee

### No. 20250015

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Richard E. Edinger, Fargo, N.D., for petitioner and appellant; on brief.

Nicholas S. Samuelson, Assistant State's Attorney, Fargo, N.D., for respondent and appellee; on brief.

**Bazile v. State**
No. 20250015

**Tufte, Justice.**

[¶1] Mackenzy Bazile appeals from a district court judgment denying his amended petition for postconviction relief. On appeal, Bazile argues the court erred in denying his petition, because the prosecutor's misconduct at Bazile's trial was one instance in a newly discovered pattern of prosecutorial misconduct that requires a new trial under *State v. Kummer*, 481 N.W.2d 437 (N.D. 1992). We affirm.

I

[¶2] In 2021, a jury found Bazile guilty of gross sexual imposition against his cousin, T.Y.C. At the time of the incident in 2017, T.Y.C. was 13 years old and Bazile was 20 years old. T.Y.C. became pregnant and later gave birth. Subsequent DNA testing established a high probability that Bazile was the father of T.Y.C.'s child. *State v. Bazile*, 2022 ND 59, ¶¶ 2, 4, 971 N.W.2d 884.

[¶3] The issue on appeal is whether the prosecutor's concededly improper question at Bazile's trial requires a new trial in light of three recent decisions of this Court in which we considered claims that the same prosecutor had committed misconduct. *See State v. Smith*, 2023 ND 82, 989 N.W.2d 490, *State v. Massey*, 2024 ND 118, 8 N.W.3d 308, and *Gaddie v. State*, 2024 ND 170, 11 N.W.3d 21. Prior to Bazile's April 2021 trial, the district court granted the State's request to sequester witnesses participating in trial. *Bazile*, 2022 ND 59, ¶ 3. At trial, however, the prosecutor asked an improper question while cross-examining Bazile:

> Q: Now, you of course were aware that everyone in the family is supporting you and not supporting M.C. and T.Y.C.; is that correct?
>
> A: That's not true.
>
> Q: Okay. Why is that not true?
>
> A: Because as my grandfather stated, he went over there, he checked up on them, and he constantly brought up his concerns.

Q: But in this case, didn't you happen to notice that your family members, your grandfather in particular, none of them watched T.Y.C. and M.C. testify?

A: Well, they couldn't.

MR. MORROW: Obj—objection, Your Honor. The State had moved to sequester.

THE COURT: Sustained.

*Id*. Bazile moved for mistrial, arguing the State had purposefully tried to taint the jury by bringing up witness support. Alternatively, Bazile requested a curative instruction on sequestration, to which the State agreed. The district court denied Bazile's motion and instructed the jury to disregard any mention of who was in the courtroom supporting witnesses. *Id.* ¶ 4.

[¶4]   On direct appeal, Bazile argued the district court had abused its discretion in denying his motion for mistrial based on prosecutorial misconduct. *Id.* ¶ 1. We affirmed the criminal judgment, concluding that the "single improper question, which the jury was admonished to ignore, was not sufficiently prejudicial to violate Bazile's due process rights." *Id.* ¶¶ 6, 8.

[¶5]   In June 2024, Bazile petitioned the district court for postconviction relief, alleging ineffective assistance of counsel and requesting a new trial. In November 2024, Bazile amended his petition, adding as grounds for relief three recent decisions of this Court that Bazile alleged constituted newly discovered evidence of a pattern of prosecutorial misconduct:

> Pursuant to "evidence, not previously presented and heard, evidence exists requiring vacation of the conviction." The new evidence are the holdings in State v. Smith, 2023 ND 82; State v. Massey, 2024 ND 118; and Gaddie v. State, 2024 ND 170. These cases illustrate and prove that the prosecutor's misconduct at the underlying jury trial was intentional. There is a pattern of systematic, intentional violation of the rules. Intentional violation of the rules is cheating. Cheating cannot be tolerated by the State. In State v. Kummer, 481 N.W.2d 437 (N.D. 1992), the North Dakota Supreme Court said State conduct must 'measure up to commonly

2

accepted standards of decency of conduct to which government must adhere.' The failure to do so in extreme cases may warrant dismissal of the charges. Id. at 444. In Kummer, the police conducted a reverse sting operation. They took cocaine from their evidence room without authorization of law and gave it to the defendant to form the basis for prosecution.

The justice system 'is not a game.' State v. Berger, 235 N.W.2d 254, 261-262, (N.D. 1975). The State should be mindful it is involved in 'a process striving for fairness in the administration of justice.' Id. at 262. The State intentionally broke the rules four times and cheated four times, shocking the conscience! A new trial is warranted!"

In its answer to Bazile's amended petition, the State asserted misuse of process and res judicata as affirmative defenses to Bazile's claim of a pattern of prosecutorial misconduct.

[¶6] Following a hearing, the district court denied Bazile's amended petition for postconviction relief. Analyzing Bazile's claim under the same framework as a motion for new trial under N.D.R.Crim.P. 33, the court rejected Bazile's argument that this Court's recent decisions in *State v. Smith*, 2023 ND 82, *State v. Massey*, 2024 ND 118, and *Gaddie v. State*, 2024 ND 170, constituted newly discovered evidence that, if presented, would result in an acquittal at trial. To prevail, Bazile had to show that:

(1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal.

*Lyons v. State*, 2024 ND 19, ¶ 13, 2 N.W.3d 679. The court concluded that—although the decisions in *Smith*, *Massey*, and *Gaddie* arose after trial and Bazile thus satisfied prongs (1) and (2)—Bazile's claim failed under prongs (3) and (4):

[T]hese cases are not material to issues at trial, nor would they result in an acquittal if presented to a jury. These cases are only relevant to a claim that the improper question asked by the prosecutor here was part of a pattern of misconduct, thus modifying the prejudice standard in the prosecutorial misconduct analysis. See City of Grand

<u>Forks v. Ramstad</u>, 2003 ND 41, ¶ 29, 658 N.W.2d 731 ("reversal for conduct which is merely potentially prejudicial may be warranted as a sanction for institutional noncompliance and systemic disregard of the law if the conduct is commonplace.") However, if a new trial were granted based on this "newly discovered evidence," it is unlikely the prosecutor would again ask the question which the State conceded on appeal was improper. The so-called newly discovered evidence, therefore, would not be material to any issue on retrial.

The district court also concluded that res judicata bars Bazile's relitigation of the prosecutorial misconduct claim because this Court already heard and rejected the claim on direct appeal and thus "that claim has been raised and fully and finally determined in this case."

II

[¶7]   The parties frame the issue on appeal differently. Bazile argues that our recent decisions in *Smith*, *Massey*, and *Gaddie* reveal "a pattern of systematic, intentional violation of the rules" that requires the Court to reassess the instance of prosecutorial misconduct that occurred in Bazile's case. Specifically, Bazile argues intentional prosecutorial misconduct requires a new trial under *State v. Kummer*, 481 N.W.2d 437 (N.D. 1992). The State argues the district court did not abuse its discretion in denying Bazile's claim, because the *Smith*, *Massey*, and *Gaddie* decisions are immaterial to the issues at trial and are not evidence that would likely result in acquittal. The State also argues the district court properly concluded that res judicata bars relitigation of Bazile's claim of prosecutorial misconduct.

[¶8]   Our standard of review for district court orders on applications for postconviction relief is well-established:

> The Uniform Postconviction Procedure Act, N.D.C.C. ch. 29-32.1, governs postconviction relief proceedings. The applicant bears the burden of establishing grounds for relief. This Court reviews findings of fact under the clearly erroneous standard of review. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is

4

left with a definite and firm conviction a mistake has been made. The Court reviews questions of law de novo.

*Gaddie v. State*, 2024 ND 170, ¶ 8 (cleaned up).

A

[¶9]   Section 29-32.1-01(1)(e), N.D.C.C., provides as grounds for postconviction relief that "[e]vidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice." An application for postconviction relief based on newly discovered evidence under N.D.C.C. § 29-32.1-01(1)(e) is reviewed as a motion for a new trial based on newly discovered evidence under N.D.R.Crim.P. 33:

> Under N.D.R.Crim.P. 33(a), the trial court may grant a new trial to the defendant if required in the interests of justice. To prevail on a motion for a new trial on the ground of newly discovered evidence, the defendant must show (1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal. A motion for new trial based upon newly discovered evidence rests within the discretion of the trial court, and we will not reverse the court's denial of the motion unless the court has abused its discretion. If the newly discovered evidence is of such a nature that it is not likely to be believed by the jury or to change the results of the original trial, the court's denial of the new trial motion is not an abuse of discretion. A trial court abuses its discretion if it acts arbitrarily, unreasonably, unconscionably, or when its decision is not the product of a rational mental process leading to a reasoned decision."

*O'Neal v. State*, 2023 ND 109, ¶ 4, 992 N.W.2d 14.

[¶10] On appeal, Bazile distances himself from the grounds for postconviction relief asserted in his amended petition, explaining: "The 'newly discovered evidence' provision was simply put into the Amended Petition to show that the new evidence of prosecutorial misconduct has come forth since the original Petition was filed." Instead, Bazile argues he is entitled to postconviction relief

because our *Smith*, *Massey*, and *Gaddie* decisions reveal a pattern of prosecutorial misconduct that shows the prosecutor's misconduct at Bazile's trial was intentional, and under *State v. Kummer*, 481 N.W.2d 437 (N.D. 1992), such intentional misconduct requires a new trial. The State responds that Bazile "attempts to walk back the claim of 'newly discovered evidence,['] instead framing the issue as a pattern of prosecutorial misconduct which requires reversal under *State v. Kummer*, 481 N.W.2d 437 (N.D. 1992)." Because the language in Bazile's amended petition "mirrors that of N.D.C.C. § 29-32.1-01(1)(e)," the State argues the district court properly assessed Bazile's claim as a claim of newly discovered evidence as asserted grounds for postconviction relief.

[¶11] Bazile provides no authority for his contention that a "*Kummer* violation" is a distinct ground for relief under N.D.C.C. ch. 29-32.1. Section § 29-32.1-01 ("Remedy – To whom available – Conditions") plainly limits the availability of postconviction relief to those grounds listed under subsection 1. N.D.C.C. § 29-32.1-01(1). Subsection 4 underscores that postconviction relief is a remedy available only under N.D.C.C. ch. 29-32.1: "Except as otherwise provided in this chapter, a proceeding under this chapter replaces all other common law, statutory, or other remedies available before July 1, 1985, for collaterally challenging the validity of the judgment of conviction or sentence. It is to be used exclusively in place of them." N.D.C.C. § 29-32.1-01(4). In 1985, North Dakota adopted the Uniform Postconviction Procedure Act of 1980, replacing the earlier 1966 version of the uniform act; N.D.C.C. § 29-32.1-01 is patterned after § 1 of the uniform act. 1985 N.D. Sess. Laws ch. 366. *See Aune v. State*, 2024 ND 99, ¶¶ 7–8, 6 N.W.3d 833. The comment to § 1 of the uniform act explains that subsection 4 "underscores the goal of eliminating the confusion of multiple, limited post-conviction remedies found in many jurisdictions that have not established a modern, simplified procedural system for determining the substantive merit of post-conviction litigation." 11A U.L.A. 250 (1980). An applicant for postconviction relief under N.D.C.C. ch. 29-32.1 must base his application on the grounds provided under N.D.C.C. § 29-32.1-01(1).

[¶12] Bazile expressly asserted newly discovered evidence under N.D.C.C. § 29-32.1-01(1)(e) as a ground for relief in his amended petition: "Pursuant to

6

'evidence, not previously presented and heard, evidence exists requiring vacation of the conviction.'" The new evidence relied on by Bazile "are the holdings in State v. Smith, 2023 ND 82; State v. Massey, 2024 ND 118; and Gaddie v. State, 2024 ND 170." Applications for postconviction relief based on newly discovered evidence under N.D.C.C. § 29-32.1-01(1)(e) are reviewed as motions for new trial based on newly discovered evidence under N.D.R.Crim.P. 33, and the district court thus did not err in assessing Bazile's claim under the N.D.R.Crim.P. 33(a) standard.

[¶13] Nor did the district court abuse its discretion in denying Bazile's amended petition based on newly discovered evidence. To succeed, Bazile had to show: (1) the *Smith*, *Massey*, and *Gaddie* decisions were discovered after trial; (2) his failure to learn about those decisions at the time of trial was not the result of his lack of diligence; (3) *Smith*, *Massey*, and *Gaddie* are material to the issues at trial; and (4) the weight and quality of *Smith*, *Massey*, and *Gaddie* decisions would likely result in an acquittal. Applying the Rule 33(a) standard, the court found that—although *Smith*, *Massey*, and *Gaddie* were decided after Bazile's trial and he thus readily met his burden on prongs (1) and (2)—Bazile's claim failed under prongs (3) and (4).

[¶14] The issue at trial was whether Bazile had committed gross sexual imposition; prosecutorial misconduct was not an issue before the jury, and thus—even if the claims of prosecutorial misconduct in *Smith*, *Massey*, and *Gaddie* constitute evidence supporting Bazile's argument that the prosecutor's misconduct at his trial was purposeful—those decisions were not material to the actual issues at trial. As such, *Smith*, *Massey*, and *Gaddie* are not evidence that would likely result in an acquittal, because they were relevant only to Bazile's claim of intentional prosecutorial misconduct. The court explained that even if, in light of *Smith*, *Massey*, and *Gaddie*, it had applied a modified prosecutorial misconduct analysis to Bazile's misconduct claim and granted a new trial, it is unlikely that Bazile would be acquitted on retrial, because "it is unlikely the prosecutor would again ask the question which the State conceded on appeal was improper." The district court did not abuse its discretion in concluding that Bazile did not meet his burden for postconviction relief based on newly discovered evidence under N.D.C.C. § 29-32.1-01(1)(e).

[¶15] The district court reviewed Bazile's amended petition for postconviction relief based on newly discovered evidence under N.D.C.C. § 29-32.1-01(1)(e), but it ultimately concluded that relitigation of the prosecutorial misconduct claim is barred by res judicata, because this Court fully and finally determined that claim on Bazile's direct appeal.

[¶16] Section 29-32.1-12(1), N.D.C.C., provides: "An application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding." N.D.C.C. § 29-32.1-12(1). "Generally, the applicability of res judicata is a question of law and is fully reviewable on appeal." *Froistad v. State*, 2021 ND 92, ¶ 5, 959 N.W.2d 863.

[¶17] Beyond being procedurally unsound, Bazile's attempt to litigate his application for postconviction relief as a "*Kummer* violation" is substantively misplaced and barred by res judicata. The violation in *Kummer* was a reverse police sting operation that the Court held to be entrapment. *Kummer*, 481 N.W.2d at 443 ("We conclude that the police employed unlawful means in this case to induce the accused to commit a crime."). Bazile relies heavily in his petition on quoted language in *Kummer* providing that "the methods employed by the State must measure up to commonly accepted standards of decency of conduct to which government must adhere." *Id.* at 444 (quoting *State v. Talbot*, 364 A.2d 9, 13 (1976)). That Bazile's reliance on *Kummer* is substantively misplaced becomes evident when the language on which he relies is considered in its greater context:

> Government properly may use artifice to trap unwary criminals, particularly in its efforts to stamp out drug traffic. However, the methods employed by the State must measure up to commonly accepted standards of decency of conduct to which government must adhere. The manufacture or creation of a crime by law enforcement authorities cannot be tolerated.

*Id*. "The manufacture or creation of a crime by law enforcement authorities" is misconduct unlike the misconduct that occurred at Bazile's trial. Bazile cites only one other instance in which a North Dakota court has found a *Kummer* violation,

a case in which a prosecutor willfully violated the Fourth Amendment by fabricating a subpoena duces tecum to obtain a defendant's blood test results.

[¶18] Assuming, without deciding, that the three subsequent cases establish that the prosecutor's misconduct at Bazile's trial was intentional, we conclude that the result of our prosecutorial misconduct analysis is the same as in our decision on Bazile's direct appeal. Even if intentional, a "single improper question, which the jury was admonished to ignore, was not sufficiently prejudicial to violate Bazile's due process rights." *Bazile*, 2022 ND 59, ¶ 8. Bazile cites no authority for his implicit contention that the subjective intent of the prosecutor committing the misconduct impacts the calculus of whether the misconduct was sufficiently prejudicial to violate a defendant's due process rights. Res judicata bars relitigation of Bazile's prosecutorial misconduct claim, because we determined that claim fully and finally in our decision on his direct appeal. N.D.C.C. § 29-32.1-12(1).

III

[¶19] We affirm the district court judgment denying Bazile's amended petition for postconviction relief.

[¶20] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr