# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2026 ND 15

Kurt Noel Johnson,
Petitioner and Appellant

v.

State of North Dakota,
Respondent and Appellee

No. 20250287

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre, Judge.

AFFIRMED.

Per Curiam.

Leah Viste, Fargo, ND, for petitioner and appellant; submitted on brief.

John M. Gonzalez, Assistant State's Attorney, Jamestown, ND, for respondent and appellee; submitted on brief.

**Per Curiam.**

[¶1]  Kurt Noel Johnson appeals from a district court order issued after a hearing denying his application for postconviction relief. Johnson argues the court abused its discretion by denying his claim of newly discovered evidence. Johnson claims evidence not previously presented and heard exists requiring vacation of the judgment in the interest of justice because an officer testified at trial he "tagged" his dash-camera video, but the video was not disclosed during discovery.

[¶2]  Section 29-32.1-01(1)(e), N.D.C.C., permits postconviction relief when "[e]vidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice[.]" "An application for postconviction relief based on newly discovered evidence under N.D.C.C. § 29-32.1-01(1)(e) is reviewed as a motion for a new trial based on newly discovered evidence under N.D.R.Crim.P. 33[.]" *Bazile v. State*, 2025 ND 128, ¶ 9, 23 N.W.3d 770. "A motion for new trial based upon newly discovered evidence rests within the discretion of the trial court, and we will not reverse the court's denial of the motion unless the court has abused its discretion." *Id.* (citation omitted).

[¶3]  To prevail on his claim, Johnson must show:

> (1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal.

*Bazile*, 2025 ND 128, ¶ 9 (citation omitted).

[¶4]  Johnson does not provide proof the video exists, nor does he assert the video is "material to the issues at trial" or "would likely result in an acquittal." *Bazile*, 2025 ND 128, ¶ 9 (citation omitted); *see also O'Neal v. State,* 2023 ND 109, ¶ 5, 992 N.W.2d 14 (explaining the statutory threshold under N.D.C.C. § 29-32.1-01(1)(e) requires that new evidence "exists" and O'Neal only claimed new

1

evidence may exist or may have been discovered). Johnson's claim fails as a matter of law. The district court did not abuse its discretion by denying Johnson's claim of newly discovered evidence. We summarily affirm the district court order denying Johnson's application for postconviction relief under N.D.R.App.P. 35.1(a)(4).

[¶5]   Lisa Fair McEvers, C.J.
        Daniel J. Crothers
        Jerod E. Tufte
        Jon J. Jensen
        Douglas A. Bahr